# SUPREME COURT,

---

THOMAS P. KENNEDY, APPELLANT, VS. THOMAS MITCHELL, APPELLEE.

A defendant in attachment, under the statute of this State, has at all times, up to the trial of the suit upon its merits, the right to traverse the allegations in the plaintiff's affidavit, either as to the debt or the cause of suing out the attachment. This right is available to the defendant as well after as before plea to the action.

But if the motion to dissolve be made after the defendant has appeared and pleaded to the action, the plaintiff may still proceed in his suit, and prosecute his claim to final judgment, though the attachment may be dissolved—otherwise, if the attachment is dissolved before plea to the action. In the latter case, the suit abates.

The *proviso* in the seventh section of the act of 1834, (Art. 5, Thomp. Dig., 370,) which requires motions to dissolve attachments to be made at or before the first term of the Court, &c., has reference only to causes pending at the time of the passage of the act.

The nature of the case and the questions involved are stated in the opinion of the Court.

*Gettis* and *Pearson* for Appellant.

*Magbee* for Appellee.

SEMMES, *Justice*, delivered the opinion of the Court.

This suit was commenced by attachment in the Circuit Court for the County of Hillsborough, by the appellant, Thomas P. Kennedy, against Thomas Mitchell, the respondent.

The writ of attachment was sued out on the 26th of March, 1851, and made returnable to the following Spring

term of said Court. The Sheriff returned the writ as executed, by levying on certain property, and reading the same to the defendant in attachment. The plaintiff afterwards filed his declaration, in accordance with the statute, on the first day of the appearance term.

On the 4th of September following, the defendant filed his affidavit traversing the special cause assigned by plaintiff for suing out said attachment, and entered his motion for a dissolution of the same, a notice of which was duly served on the opposite counsel.

Afterwards, at the Fall term of said Court, the plaintiff moved for a judgment by default, for want of a plea to the action ; which was overruled, and the issue raised by the defendant's affidavit was then tried by a jury, and upon their finding, the said attachment was dissolved, and the suit abated and was dismissed.

The questions presented for our consideration, under the assignment of errors on the appeal taken in this case, are, whether the Court below committed error in overruling the plaintiff's motion for a judgment by default; and in dismissing said suit ?

It is contended by counsel for appellant that the reading of the writ of attachment, by the Sheriff, to the defendant, was a sufficient notice to the latter of the institution of the suit, and consequently that the Court below erred in determining that the defendant was not legally in Court, so that a judgment by default could be rendered against him. Whether there be error in the judgment of the Court below or not, as to the sufficiency of this notice, is altogether immaterial to the decision of this case ; for the judgment of the Court in dismissing the suit, upon the finding of the jury, is in no wise affected, whether the defendant was legally served with notice of the suit, or voluntarily appeared for the purpose of moving a dissolution of the at-

tachment. A defendant in attachment, under our statute, has at all times, up to the trial of the suit upon its merits, the right to traverse the allegations in the plaintiff's affidavit, either as to the debt demanded, or as to the special cause assigned for suing out the attachment; and for the purpose of securing this right, and rendering it at all times an effecutual remedy, the Courts are, by express provision of the statute, declared to be always open for hearing and determining motions for the dissolution of attachments. Thompson's Digest, 369, § 3 Art. 3. This right is available to the defendant as well after as before plea to the action, though its effect upon the suit is different; for where the attachment is dissolved before plea to the action, the suit abates and must be dismissed; but if the motion to dissolve be made after the defendant has appeared and pleaded to the action, the attachment alone is dissolved, and the plaintiff may still proceed in his suit and prosecute his debt or demand to final judgment. Ibid, 370, Art. 5. It is insisted, however, by counsel, that under the proviso to this section of the act, the motion to dissolve the attachment must be made at or before the first term of the Court to which suit is brought, in order that a dissolution of the attachment shall operate as an abatement of the suit, and authorize the Court in dismissing it. We are of a different opinion. It is very manifest that the proviso refers to the latter clause of the 5th art. of the act, having reference to causes *then* pending, and restricts the motion to dissolve not only to such causes, but to the *first* term of the Court *after* the passage of the law; whereas, the first clause of the same article, providing for the dissolution of attachments before and after plea to the action, has reference exclusively to suits "*thereafter* to be commenced."

To give this statute a different construction, would be at variance with its letter and spirit, and render its provis-

ions inconsistent and contradictory ; and however much it is to be regretted that this special legislation in reference to causes then pending before the Courts, should have been resorted to, yet it is not the province of this Court to extend the operation of the act to causes not contemplated by the Legislature.

. In the case before us, there was no plea to the action, but the motion of the defendant for a dissolution of the attachment, based upon his affidavit, under the statute, did operate and was in effect a plea in abatement to the suit, and as such suspended any rights the plaintiff may have under his motion. We are of opinion, therefore,. that the Court below committed no error in overruling the plaintiff's motion, and in dismissing the suit upon the verdict of the Jury finding the issue in favor of the defendant.

*Per Curiam*—Let the judgment of the Court below be affirmed.