JOSEPH MITCHELL AND JEREMIAH SAVILL, APPELLANTS, VS. EZEKIEL WATSON, APPELLEE.

*A judgment against a garnishee in a suit commenced by attachment is annulled by the dissolution of the attachment even after plea pleaded.*

This case was decided at Marianna.

Appeal from the Santa Rosa Circuit Court.

The opinion of the Court contains a statement of the facts of the case.

*Jordan* and *Chain, Young, McClellan* and *Barnes* for appellants.

*G. G. McWharton* and *J. M. Landrum* for appellee.

WALKER, J., delivered the opinion of the Court.

The record shows, that on May 8th, 1857, appellee sued appellants in the Circuit Court of Santa Rosa county on a joint and several promissory note, of which the following is a copy, to wit:

MILTON, July 14, 1856.

"On the first day of September next, we, or either of us, promise to pay to E. Watson five hundred dollars, for value received, with eight per cent. interest from date.

"(Signed,)    JOSEPH MITCHELL,
    JEREMIAH SAVILL."

At spring term, 1857, defendants pleaded, first, the general issue; second, that on 13th April, 1857, before the commencement of this suit, said Mitchell had been served with a writ of garnishment, at the instance of Savill, in a suit by attachment which Savill then had pending against Watson, and that at June term, 1857, Mitchell answered that he was indebted to Watson in the amount of this note, (except eight or ten dollars,) and that this note was then in possession of John P. Lee, agent of Watson, who was also garnisheed in said attachment suit, and that the Court on said answer of said Mitchell gave judgment against him in favor of said Savill.

To the second plea the plaintiff demurred, and the demurrer was overruled.

The plaintiff then replied to the second plea, that "after the service of said writ of garnishment upon the said Joseph Mitchell, the attachment on which said writ of garnishment was issued and founded was dissolved, as appears by the record, on 9th June, 1859."

To this replication the defendant demurred, but the Court overruled the demurrer and held the replication good.

By consent, a jury was waived and the case was submitted to the Court.

On June 10th, 1859, the Court gave judgment for plaintiff for $611 08.

Defendant then appealed to this Court.

The question presented by the record is, whether a judg-

ment against a garnishee in attachment is annulled by a dissolution of the attachment after plea pleaded?

Our statute (see Thompson's Digest, page 375,) provides, "that when judgment shall be rendered in such cases (attachment cases) against any garnishee or garnishees on his or her confession, or after trial by jury, as hereinbefore provided, such judgment shall not be enforced until after judgment shall be rendered against the defendant or defendants *in the attachment suit;* and in no case shall execution be issued against any garnishee or garnishees for more than the amount of the judgment against said defendant or defendants *in said attachment suit.* And if the plaintiff *shall discontinue his suit by attachment,* or be non-suited, or have a verdict against him on the trial in said suit, then said judgment against said garnishee shall become null and void," &c.

We are of opinion that the dissolution of the plaintiff's attachment is equivalent to his being non-suited in his attachment suit. It is true, that, if his attachment is dissolved after plea pleaded, he may "still proceed in said suit and prosecute his demand to final judgment, (Thomp. Dig., 375,) but he is enabled so to proceed, not by virtue of his attachment, but by reason of the fact that the defendant has appeared in Court and pleaded to the declaration. The suit is no longer an attachment suit, but stands upon the same footing as an ordinary suit commenced by præcipe and summons. The judgment against the garnishee, growing out of the attachment and being a mere incident of it, must necessarily fall with the attachment on which it is based. After it has been adjudged that a party has wrongfully and illegally sued out his attachment, it would be inconsistent to say that he shall nevertheless hold on to all the fruits he may have attempted to secure by such wrongful and illegal act.

Counsel for appellee asks for damages under the 13th section of the act of February 10th, 1832, but, as the point in

this case has never before, as we are aware, been adjudicated, and, as it does not appear that this appeal was taken merely for delay, damages are refused.

Let the judgment of the Court below be affirmed with costs. *Per curiam.*