Emma L. Nelson v. Daniel B. McLaurin.

---

EMMA L. NELSON, PLAINTIFF IN ERROR, vs. DANIEL B. MC-LAURIN, DEFENDANT IN ERROR.

Where there is a demurrer to the pleadings in the record, and not disposed of by the Court, and not waived or abandoned by new pleadings or otherwise by the party demurring, it is error to submit a cause to a jury.

Error to the Circuit Court for Suwannee county.

*Sanderson & L'Engle* for Plaintiff in Error.

*J. B. Dawkins* for Defendant in Error.

RANDALL, C. J., delivered the opinion of the court.

The plaintiff in error sued defendant in debt upon a money bond. The defendant demurred to the declaration for special causes, and on the same day filed special pleas.

The plaintiff demurred to the special pleas. Defendant afterwards filed additional special pleas, to which the plain-

tiff demurred. Afterwards, as appears by the record, the cause was submitted to a jury who found for the defendant, and judgment was rendered by the court against the plaintiff for costs.

The record of the judgment does not show that the plaintiff was present in person or by attorney, at the time the cause was tried before the jury, but on the contrary, it is apparent from the proceedings had subsequently that the plaintiff was not represented.

It does not appear that the several issues of law raised by the several demurrers or either of them were disposed of by the court, and we cannot discover that any issue of fact was joined subsequent to the demurrers. The cause was, therefore, not at issue upon the facts, and the issues of law only were before the court.

The Circuit Court erred in not disposing of the demurrers before swearing a jury to try the issues, if any there were, in order that if the demurrers had been deemed insufficient, an issue might have been made up upon the matters pleaded. (2 Mumford, 518 ; 6 Fla., 376.) And besides, if the plaintiff did not appear at the time the cause was reached, it was improper to submit the case to a jury, (even if an issue of fact was joined which might be tried by a jury,) in the absence of the plaintiff or his attorney and in the absence of his proofs, and thus obtain a verdict and enter a judgment which might be a bar to a future suit. In such case the defendant should have moved for a non-suit or dismissal of the suit.

The judgment of the Circuit Court is reversed with costs.