FLORIDA RAILWAY AND NAVIGATION COMPANY, PLAINTIFF IN ERROR, VS. N. B. RHODES, DEFENDANT IN ERROR.

It is error to submit a case to a jury for trial where there is a demurrer to the declaration, but no plea thereto, and such demurrer has been "joined in" by the plaintiff, but has not been waived or abandoned by the defendant, or heard or disposed of by the court.

Writ of Error to the Circuit Court for Hernando County.

The facts of the case are stated in the opinion.

*John A. Henderson* and *Reardon & Couch* for Plaintiff in Error.

*Lloyd & Austin* for Defendant in Error.

MR. JUSTICE RANEY delivered the opinion of the court:

The declaration in this case was filed in the Clerk's office of Hernando county on April 6th, 1885, and the demurrer thereto on the 4th day of May. The plaintiff joined the demurrer, and on the 7th day of September his attorney mailed notice to the defendant's attorney that a hearing would be had on the demurrer on the 15th of the same month before Judge Foster, of the 7th Circuit, at Sanford, which is in such Circuit, the Judge of the Sixth Circuit being absent from the State. The only further showing made by the transcript before us as to any hearing on this notice is a recital apparently by the Clerk, to the effect that no ruling on the demurrer was ever had. Whether we can consider this recital or not the conclusion to be drawn from the record is that no hearing was had. On the 6th day of October, at a term of the Hernando Circuit Court, the defendant "failing to appear in person or by attorney," a jury was sworn to try the cause upon the issues joined, and hav-

ing heard the evidence and charge of the court rendered a verdict for damages in favor of the plaintiff and judgment for such damages and for costs was entered.

There is nothing in the record to show that the demurrer was waived or abandoned by the defendant. The notice given of an intended hearing before Judge Foster indicates that on the day it was mailed the plaintiff's counsel did not so understand. The simple failure of the defendant's attorney to be present at the term of the court up to the time of the trial and judgment is not sufficient, if any, evidence of such a waiver or abandonment. On the 9th day of the month its attorney appeared and moved to set aside the verdict on the ground that the demurrer had neither been disposed of, nor waived, but the motion was denied. It was error to submit the case to a jury without having previously disposed of the demurrer, (Nelson vs. McLauren, 14 Fla., 45,) and a writ of error is the proper remedy to correct it. The case stood upon an issue of law triable by the court, and there was no issue of fact joined for a jury to try ; in fact no plea of matter of fact had been filed.

The judgment is reversed, and all the proceedings, subsequent to the joinder in demurrer, taken by the Circuit Court are set aside, and the case remanded for such proceedings as may be in accordance with the practice in common law cases.