H. D. FORBES & BRO., APPELLANTS, vs. THOMAS V. POR-
TER, APPELLEE. .

1. The plaintiff instituted attachment proceedings against the defend-
ants; the defendants traversed the affidavit and moved to dis-
solve the attachment on the issue made by the traverse, and also
because of the illegality of the bond; a jury was empanelled to
try the issues, but before any evidence was submitted, counsel
for defendants called the attention of the court to the pendency
of the question of the illegality of the bond, and asked a ruling
thereon, which the court refused. The jury tried the issue made
by the traverse, and found for the plaintiff; counsel again called
up the question of the illegality of the bond, and requested the
court to determine the same, but the court again refused to make
any ruling thereon, "because not made until after the jury was
empanelled to try the ground of fraud:" *Held*, That the refusal
of the court to hear and determine the question as to the illegal-
ity of the attachment bond was erroneous.

2. A power of attorney, under seal, is required to authorize an agent
to execute a bond in the name of the principal under the attach-
ment laws of this State.

Appeal from the Circuit Court for Marion county.

The facts of the case are stated in the opinion of the
court.

*Miller & Spencer* and *John A. Henderson* for Appellants.

*Hampton & Hampton* for Appellee.

MITCHELL, J.: On March 12th, 1886, the appellee
(plaintiff below) commenced an action of assumpsit upon
open account, in Marion Circuit Court against the appel-
lants (defendants below), and on the same day instituted
attachment proceedings against the defendants upon the
same cause of action—the open account—under the statute.
McClellan's Digest, page 111, section 4.

The plaintiff filed his declaration in assumpsit. The writ

issued under the attachment proceedings and was executed by being levied upon the property, real and personal, of the defendants.

The affidavit upon which the attachment proceedings were instituted, states " that the said defendants are justly and legally indebted to the said plaintiff in the sum of $674.84, over and above all legal set-offs; that the sum is now due upon express and implied contract; that the whole of said debt is now due and unpaid, and this deponent and the plaintiff do each have good reason to believe that said defendants will fraudulently part with their property before judgment can be recovered in this suit against them. Deponent further swears that the said defendants contracted the said debt under false representations."

On March 15, defendants filed their affidavit traversing the affidavit of plaintiff.

On March 23d, defendants filed notice that they would on the following day, or as soon thereafter as counsel could be heard, move the court to dissolve the attachment proceedings :

First, upon the affidavit of defendants made and tendered to the court, that the special cause assigned for granting the same is untrue.

Second, because said attachment was granted without any legal and sufficient bond being filed, and because the causes alleged for the granting of said attachment are insufficient under the statutes of the State of Florida.

The motion was not disposed of when, on the 26th of March, the case was called and a jury empanelled to try the issue raised by defendant's affidavit traversing that on which the attachment writ issued, but before any evidence had gone to the jury, defendants' counsel called the attention of the court to the fact that the motion to dissolve the attachment had not been passed upon, and requested a de-

cision thereon. The court refused to decide the question, and the jury found for the plaintiff.

On the same day (March 26) the defendants' counsel again notified plaintiff that they would on the following day move the court for a decision upon the validity of the attachment bond, and on the following day, in conformity with such notice, defendants called up said motion, which the court again declined to decide, because the motion was not made until after the jury was empanelled to try the grounds of fraud.. The ruling of the court was duly excepted to.

Defendants entered a motion for new trial, which was overruled, and they appealed.

The defendants demurred to the declaration in the assumpsit proceedings, and the demurrer was overruled.

No pleas were filed, and on the 29th day of July, 1886, final judgment was rendered in favor of the plaintiff for the amount of his claim and costs.

It will be seen by the foregoing statement that before the issues in the attachment proceedings were submitted to the jury, as aforesaid, a motion was pending to dissolve the attachment, upon the ground that the bond given therein was insufficient and illegal and because the causes alleged for the granting of said attachment were insufficient under the statutes of the State of Florida, and that such motion was not abandoned is clearly shown when defendants' counsel, both before and after such decision by the jury, requested the court to dispose of the motion to dissolve the attachment.

The motion to dissolve on account of the insufficiency of the bond and the issues on the traverse to be decided by the jury being pending at the same time, it was discretionery with the court as to which should first be disposed of, but under the circumstances, and as the legal questions raised

in the motion to dissolve struck at the foundation of the suit, and as a verdict of the jury could have no possible effect if the attachment proceedings were illegal from the beginning, in our judgment the motion to dissolve should have been disposed of first, although the proceedings leading up to the time the court was requested to consider such motion may have been irregular. But be this as it may, the defendants were entitled to a ruling upon their motion to dissolve, and the court erred in not ruling thereupon. McKinnon vs. McCollom, 6 Fla., 376 ; Wade vs. Doyle *et al*, 18 Fla., 632 ; Nelson vs. McLaurin, 14 Fla., 45.

The motion to dissolve brings up the question as to whether the attachment bond is legal, and if so, and the other proceedings in the cause are regular and legal, there can be no cause for reversal, but if on the contrary, the bond is illegal, then the whole attachment proceedings must fail, notwithstanding every other step in the proceedings may be regular and legal.

Under the statute, McClellan's Digest, 113, section 15, no attachment shall issue until the party applying for the same by himself or his agent or attorney, shall enter into bond with at least two good and sufficient sureties, payable to the defendant, in at least double the debt or sum demanded, conditioned to pay all costs and damages the defendant may sustain in consequence of improperly suing out said attachment.

The bond in the case before us is signed : Thos. V. Porter, per J. R. Porter, Agent, as principal, and then follows the names of the sureties.

Now there is nothing in the record to show that J. R. Porter, at the time he signed the bond, was the agent of the plaintiff, Thomas V. Porter, other than the testimony of J. R. Porter, wherein he says that he was the duly authorized agent of the plaintiff, but this is a conclusion on his part,

and it shows no authority from the plaintiff authorizing him to execute the bond. J. R. Porter further testifies that he had no written authority to execute the bond for the plaintiff.

It is well settled that whenever any act of agency is required to be done in the name of the principal under seal, the authority to do the act must generally be conferred by an instrument under seal. Story on Agency, p. 50, Sec. 49, and notes citing numerous authorities.

We see no error in overruling the demurrer to the declaration.

There were many other questions raised in the case, as to avidence, the rulings of the court thereon, and other ques tions, but as the attachment will have to be dissolved, it is useless to pass on any one of these questions.

The cause is reversed and remanded with directions to the court below to vacate the order therein refusing to dissolve the attachment, and for further proceedings not inconsistent with this opinion. The reversal, however, is not to affect the final judgment rendered in this cause in the court below.

Petition for rehearing denied.