## ENGLE v. GATES.

### (Circuit Court, E. D. Wisconsin. May 18, 1896.)

1. JUDGMENTS OF OTHER STATES—FAITH AND CREDIT—JURISDICTION.

    In an action on a judgment rendered by a court of another state, a defense based on alleged want of authority of that court to render such judgment must, in view of the constitutional requirement as to full faith and credit (article 4), show facts tending to impeach the jurisdiction of that court, either as to the subject-matter or the person.

2. JUDICIAL NOTICE—FEDERAL COURTS—STATE STATUTES.

    The federal courts take judicial notice of the laws of all the states, and it is only necessary that the pleading show a state of facts to which any public act is applicable, and such act will be taken into consideration without averment or proof. Hanley v. Donoghue, 6 Sup. Ct. 242, 116 U S. 1, followed.

3. ATTACHMENT SUITS—APPEARANCE—PERSONAL JUDGMENT—FLORIDA STATUTES.

    There is nothing in the Florida statutes relating to attachment (McClel. Dig. 1881, c. 7, §§ 18, 24, 25, 27) to prevent the operation of the general rule that an appearance by the defendant in a suit commenced by attachment authorizes the rendition of a personal judgment against him.

This was an action by John C. L'Engle against James L. Gates upon a judgment. The case was heard on a demurrer to portions of the answer.

The complaint alleges, in substance, that the plaintiff is a citizen of Florida, and the defendant is a citizen of Wisconsin; that one John A. Graham recovered a personal judgment against the defendant in the circuit court for Liberty county, Fla., a court of general jurisdiction, on March 4, 1890; that the defendant appeared and pleaded the general issue in the action in which such judgment was rendered; that no part of the judgment is paid, except $1,000 made on execution; and that it has been duly assigned to the plaintiff. The answer, after admitting that "an alleged judgment was recovered" at the time and in the court mentioned in the complaint, alleges, by way of defense, substantially as follows: (1) That the judgment was entered in an attachment action, in which the defendant's interest in certain lands in that jurisdiction was attached; that the defendant appeared therein by counsel, "and filed a verified plea of the general issue"; that, under the then existing laws and practice of Florida, "no personal judgment could have been rendered" in such action, but one only which should reach his interest in the attached property; that such court was without jurisdiction over the defendant in any personal action; that the judgment rendered was not personal, and was without force or validity, except to reach the property attached, and of no effect "outside of said state of Florida." (2) That the court in which the judgment was entered had, at the time of its rendition, "lost jurisdiction over this defendant therein," and had "no jurisdiction to render a judgment of any description against this defendant, or against his property." To these allegations objection is taken by demurrer,—that no facts are stated sufficient to constitute a defense. Other allegations which are contained in the answer and included in the demurrer were withdrawn from consideration by consent of counsel at the hearing.

Haring & Frost, for plaintiff.
Hugh Ryan, for defendant.

SEAMAN, District Judge (after stating the facts). Under the provisions of article 4 of the constitution of the United States, which require that full faith and credit shall be given in each state to the judicial proceedings of every other state, it is clear that objection is well taken to the allegations stated by way of defense to the judgment in suit, unless they present facts tending to impeach the jurisdiction of the court which rendered the judgment, either as to the subject-matter or the person. Of the numerous authorities which strictly uphold the constitutional and statutory requirements in this behalf, it is sufficient to cite Thompson v. Whitman, 18 Wall. 457, and Laing v. Rigney, 160 U. S. 531, 16 Sup. Ct. 366. The former decision quotes with apparent approval (page 463) the remark in Kent's Commentaries, "A special plea in bar of a suit on a judgment in another state, to be valid, must deny, by positive averments, every fact which would go to show that the court in another state had jurisdiction of the person, or of the subject-matter." The general doctrine is conceded by counsel in the argument for the defenses interposed here, but his contention is, substantially: (1) That the suit in Florida was commenced by attachment, and not by a præcipe for a summons, and under the laws and practice in that state no personal judgment could be rendered in such case, but the judgment could have effect only, there or elsewhere, in rem, to reach the property attached, notwithstanding the fact that the defendant appeared and "filed a verified plea of the general issue"; (2) that any jurisdiction which had been acquired was "lost before the entry of said judgment."

1. The first proposition invokes the rule recognized by the judiciary act of 1890, and established by the decisions,—that the judgment can have no force in another state beyond that which is allowed by the law of the judgment forum; that, if not binding upon the defendant personally in Florida, it cannot be given such effect in Wisconsin. Laing v. Rigney, 160 U. S. 531, 539, 16 Sup. Ct. 366. The contention that this judgment was not effective as a personal judgment in Florida rests upon the averment that the action was commenced by attachment, without personal service, and that the statutes of that state do not permit a judgment entered in such case to have the character of a personal judgment, even after an appearance by the defendant. As the United States court is required to take judicial notice of the laws of every state, it is necessary only that the pleading show a state of facts to which any public act is applicable, and the statute will be taken into consideration without averment or proof. Hanley v. Donoghue, 116 U. S. 1, 6, 6 Sup. Ct. 242, and cases cited. The rule is elementary that an appearance and plea to the merits waive all questions affecting jurisdiction of the person; and this, of course, includes the manner of commencing the action. By appearing without service the defendant places himself "precisely in the situation in which he would have stood, had process been served upon him." Pollard v. Dwight, 4 Cranch, 421, 428. This rule has frequently been pronounced by the supreme court to be applicable to cases commenced by attachment against the property of nonresidents without personal service, and therefore in the nature of proceedings in rem; that "after appearance and plea the case

stands as if the suit were brought in the usual manner"; that, in effect, it "converts into a personal suit that which was before a proceeding in rem." Toland v. Sprague, 12 Pet. 300, 331; Cooper v. Reynolds, 10 Wall. 308, 316; Eldred v. Bank, 17 Wall. 545; Creighton v. Kerr, 20 Wall. 8, 14; Maxwell v. Stewart, 22 Wall. 77; Drake, Attachm. § 112; Wap. Attachm. 392. No decision has been called to my attention, from either federal or state courts, in which an exception from the general rule is found which would admit the defense asserted here, in the face of the unqualified appearance and joinder of issue upon the merits in the action wherein the judgment was recovered. The only question, therefore, is whether the statutes of Florida are exceptional to such an extent that either jurisdiction of the person is not obtained through an appearance and answer, or the courts are deprived of jurisdiction to treat the case as personal after such appearance. The provisions relating to "attachment" appear in chapter 7, McClel. Dig. 1881, pp. 110-120, and the following are the material sections:

"Sec. 18. The service of a writ of attachment shall not operate to dispossess the tenant of any lands or tenements, but such service shall bind the property attached, except against pre-existing liens; but the judgment, in a suit, commenced by attachment, shall be satisfied in the same manner as other judgments obtained at the same term of the court are, or shall be satisfied out of the lands and tenements, goods and chattels, generally, of the defendant in attachment."

"Sec. 24. The filing of the declaration and other pleadings in a suit commenced by attachment, shall be governed by the same rules which govern the filing of the declaration and other pleadings in ordinary suits at law, and judgment shall be rendered therein as in other cases."

"Sec. 25. In all cases where property shall be attached and not replevied, a notice of the institution of the suit shall be personally served on the defendant, or shall be published for three months in some public newspaper of the circuit, and if there be no newspaper published in such circuit, then a written advertisement in some public place; and such notice shall require the defendant and all other persons interested to appear and plead to the declaration filed in such cases; and it shall and may be lawful for the court, upon satisfactory proof of the service of such notice, or of the publication of such notice, and upon the finding of a jury of inquest, to be called for that purpose, to award their judgment upon such finding, and execution shall issue accordingly."

"Sec. 27. When any suit shall be commenced by attachment, and the same on motion be dissolved before plea to the action, then, in every such case, the suit shall abate and be dismissed from the court; but if such motion be made after the party defendant has appeared and pleaded to the action, the attachment only shall be dissolved, and the plaintiff may still proceed in said suit, and prosecute his debt or demand to final judgment; but, if the suit be already pending and the attachment be dissolved at any stage of the proceedings, the suit itself shall abate and be dismissed."

These provisions do not seem to present any radical departure from the features which are common to the statutes of this nature in the several states. They probably intend that a judgment obtained through the attachment shall not have the effect of a personal judgment, without personal service or appearance,—a proviso which is in most of state statutes of like class; and as held in Pennoyer v. Neff, 95 U. S. 714, any allowance of judgment against the person in such case would be nugatory. Section 27 provides that dissolution of the attachment, after appearance and answer, shall not work dis-

missal of the action, but "the plaintiff may still proceed in said suit and prosecute his debt or demand to final judgment." This clearly recognizes the effect of a general appearance as held in the cases above noted. Counsel for defendant refers to section 3 of chapter 162, entitled "Pleading and Practice" (McClel. Dig. p. 811), as showing a clear distinction between actions against the person and those against the estate of a defendant; that for the former a præcipe must be filed, and summons or other process issue thereupon, while in attachment, belonging to the latter class, suit is commenced by filing an affidavit and obtaining writ of attachment. This is simply the usual distinction, relates to the manner of commencing an action, and, at the utmost, cannot affect the jurisdiction, if the parties are before the court, and it has cognizance of the subject-matter. An examination of the Florida decisions, so far as called to my attention, shows no instance of a construction of these statutes in support of the contention here; but the general rule, that an appearance gives jurisdiction of the person, is clearly recognized and approved. Kennedy v. Mitchell, 4 Fla. 457; Mitchell v. Watson, 9 Fla. 160; Simpson v. Knight, 12 Fla. 144, 149; Smith v. Bulkley, 15 Fla. 64; Loring v. Wittich, 16 Fla. 617; Baars v. Gordon, 21 Fla. 25; Bartley v. Bingham, 34 Fla. 24, 15 South. 593. The opinion in Bartley v. Bingham, last cited, referring to the commencement of an action by writ of attachment, says, "The purpose of issuing and serving the writ is to give the court jurisdiction of the person of the defendant," and that, because defendant had entered a general appearance in the case, that purpose was "entirely accomplished." In Mitchell v. Watson, supra, it is said that the plaintiff is enabled to proceed to final judgment in the action commenced by attachment, after dissolution and plea, "not by virtue of his attachment, but by reason of the fact that the defendant has appeared in court and pleaded to the declaration. The suit is no longer an attachment suit, but stands upon the same footing as an ordinary suit commenced by præcipe and summons." Counsel for defendant places much reliance upon the recognition which appears in Baars v. Gordon and Simpson v. Knight, supra, of the distinction made by the statute in the nature of the action, as above noted, and that in the Baars case the fact that it was commenced by the simultaneous issue of summons and writ of attachment is mentioned as the ground for holding that a general appearance justified the entry of a personal judgment. It is true that these distinctions are so referred to, but it is also said in Simpson v. Knight that the notice, under the writ, is not to appear and contest the attachment, but to "appear and plead to the declaration filed in the cause, to give the defendant an opportunity to set up any defense he may have to the plaintiff's cause, or in any legal way contest the validity of the claim against him." They are mere distinctions in form. The subject-matter of the action is the alleged indebtedness, and if jurisdiction of the person is obtained through the appearance the court is vested with complete jurisdiction. Without a statute clearly providing otherwise, or a distinct construction by the state supreme court that it operated to prevent voluntary appearance from conferring jurisdiction of the

person, the general rule must prevail; and I am of the opinion that it must be applied here, to the exclusion of the proposed defense appearing in this answer.

2. The second defense is fatally defective in failing to allege any fact upon which to predicate the assumed invalidity of the judgment. It states only the pleader's conclusion of law, and is therefore demurrable, as counsel frankly concedes. The question as to the effect of failure to file the declaration, suggested on the argument, is not open for consideration. The demurrer must be sustained, and it is so ordered; the defendant to have leave to answer over at a time to be fixed.