## J. POLLOCK & CO., APPELLANTS, VS. GEORGE R. MURRAY & CO., APPELLEES.

1. An affidavit and bond in attachment were filed and a writ of attachment issued and levied upon property; five days thereafter a praecipe for summons in an ordinary action of assumpsit, without reference to the attachment proceedings, was filed, and subsequently a declaration in assumpsit, with a bill of particulars, was filed. A plea in abatement of the alleged second suit on the ground that two suits had been instituted on the same cause of action was interposed and issue joined thereon. Upon the trial the plea in abatement was sustained, but by permission the declaration, with bill of particulars, was instantly filed in what was considered the first suit, and pleas filed thereto: *Decided*, That whether or not the ruling of the court in sustaining the plea was erroneous was of no practical importance in the case, as plaintiffs still had the benefit o the declaration filed in what was regarded the first case.

2. A power of attorney under seal was required under the attachment laws of this State prior to the adoption of the Revised Statutes to authorize an agent to execute a bond in the name of the principal, but a full ratification under seal by the principal of an attachment bond executed by an agent without such authority will be sufficient.

3. A defendant has the right up to the trial of the case upon its merits to traverse the allegations in plaintiff's affidavit for attachment, and this right is available as well after as before plea to the action.

Appeal from the Circuit Court for Gadsden county.

### STATEMENT.

S. Forcheimer, as agent for Jacob Pollock and Leopold Lowenstein, partners under the firm name of J. Pollock & Co., filed with the Clerk of the Circuit Court on the 8th of December, 1888, an affidavit for an attachment against George R. Murray and David L.

McFarlin, partners under the firm name of G. R. Murray & Co. The amount alleged in the affidavit to be then due is $1,623.68, and the ground of attachment is, that affiant had reason to believe Murray & Co. would fraudulently dispose of their property before judgment could be obtained against them. The attachment bond recites that Jacob Pollock and Leopold Lowenstein, as partners under the firm name of J. Pollock & Co., and as individuals, and certain named sureties, were bound unto George R. Murray and David L. McFarlin, partners under the firm name of G. R. Murray & Co., in the sum of $3,000, and after recitals as to suing out the writ of attachment and paying costs and damages that defendant might sustain in consequence of an improper suing out of the same, was signed as follows:

| | |
|---|---|
| Jacob Pollock, | (Seal). |
| per S. Forcheimer, agent, | (Seal). |
| Leopold Lowenstein, | (Seal). |
| per S. Forcheimer, agent, | (Seal). |
| J. Pollock & Co., | (Seal). |
| per S. Forcheimer, agent, | (Seal). |
| C. M. Messer, | (Seal). |
| B. F. Alderman, | (Seal). |
| M. L. Dekle, | (Seal). |
| A. Ottinger, | (Seal). |

A writ of attachment commanding the sheriff to attach and take into his possession so much of the lands and tenements, goods and chattels of G. R. Murray & Co. as would satisfy the demand of J. Pollock & Co., was levied, the 12th of December, 1888, on a stock of merchandise as the property of the first named firm. On the 13th of the same month the following praecipe signed by counsel was filed, viz:

Second Judicial Circuit of Florida, Circuit Court of Gadsden county.

Jacob Pollock and Leopold Lowenstein, partners under the name and style of J. Pollock & Co. vs. George R. Murray and David L. McFarlin, partners under firm name and style of G. R. Murray & Co.—Assumpsit. Damages $3,000.

The clerk will please issue a summons *ad responden-dum* for the defendants, returnable to the rule day in January, 1889.

Summons issued and was served on McFarlin. On the 26th of December, 1888, a declaration was filed containing common counts. McFarlin appeared, and on the 4th day of February, 1889, filed a plea, in substance as follows, *viz:* That plaintiffs should not maintain the present action because, on the 8th of December, 1888, and before the institution of this suit, they commenced in said court against defendants a suit of attachment upon the same identical cause of action as would appear by the records of the court; that said suit of attachment was pending in said court at the time of the institution of the present suit, and was then pending; and that the premises set forth in the declaration in this suit are the same, and the cause of action is the same as in the said suit of attachment. Issue was joined on this plea. Defendants moved to dismiss the attachment suit because no notice by summons *ad respondendum* had been given to them, and plaintiffs had failed to file a declaration or other pleading in said suit, or otherwise prosecute the same within a reasonable time. This motion to dismiss was denied, but the plea in abatement was sustained, the record reciting that the cause came on for hearing upon the plea in abatement, and upon the proofs submitted it

was considered by the court that the writ and declaration in the assumpsit case be quashed, and plaintiffs pay the costs therein. Thereupon, by leave of the court and consent of defendants' counsel, as recited, the declaration and bill of particulars filed in the assumpsit suit were withdrawn and filed in the attachment suit, and defendants obtained time to demur or plead.

On December 30th, 1890, defendants filed the following plea: That the attachment bond filed in the case was not executed by plaintiffs, or either of them, nor by any person acting in their name and behalf by virtue of a power of attorney under seal. There was also filed at a later date a plea to the declaration, to the effect that a certain portion of the debt for which the suit was instituted was not due when commenced. To the plea filed December 30th, 1890, plaintiffs replied as follows: 1st. That prior to the execution and filing of the attachment bond on December 8th, 1888, they had authorized their agent, S. Forcheimer, by parol, to execute in their individual names, and in the name of their firm, the said bond, and that they were bound thereby. 2d. That subsequent to the execution and filing of said attachment bond they ratified and confirmed the same as their own, and as that of their firm, and the execution of the same by their agent. 3d. That subsequent to the execution and filing of said attachment bond, to-wit: On the 21st day of March, 1891, plaintiffs executed, sealed and acknowledged a written ratification of the act of their agent in executing said bond in their name, the ratification being attached to and part of the plea. The replications were demurred to on the grounds: 1st. That a bond in an attachment suit is essential to the jurisdiction of the

court, and must be valid at the time of its execution as a condition precedent to the issuance of the writ, and when executed by an agent, other than a partner, without authority under seal is void, and can not be cured or made valid by subsequent ratification. 2d. That the second and third replications do not show that the bond was ratified by plaintiffs prior to the time of filing the pleas in the case. At the time of filing the demurrer to the replications defendants filed an affidavit traversing the ground of attachment in plaintiff's affidavit. Plaintiffs made a motion to strike the traverse from the files, but the court overruled it. The demurrers to the replications were then sustained, and plaintiffs not asking to plead over it was adjudged that the attachment bond was insufficient, and that the writ of attachment be quashed, and the suit commenced by attachment be dismissed at plaintiffs' cost. Plaintiffs appealed in open court, which was before the adoption of the Revised Statutes.

The errors assigned are: 1st. The court erred in holding the plea in abatement filed February 4th, 1889, to be good. 2d. The court erred in overruling plaintiffs' motion to strike affidavit purporting to be a traverse of the affidavit for attachment. 3d. The court erred in sustaining the demurrers to plaintiffs' replications, and in dismissing suit at plaintiffs' cost.

*Liddon & Carter*, for Appellants.

No Appearance for Appellees.

(Judge Call, of the Fourth Judicial Circuit, sat in the place of Mr. Justice Liddon, who was disqualified).

MABRY, C. J. (*after stating the facts as above*).

The first error assigned and insisted on is the ruling of the court sustaining the plea in abatement filed February 4th, 1889. Appellants, who were plaintiffs below, commenced a suit of attachment against appellees, and on the fifth day after the affidavit and bond were filed, and after the writ of attachment had been levied, a præcipe for summons returnable to the following rule day was filed. The præcipe was the usual one in ordinary actions of assumpsit, and made no reference to the attachment proceedings. A declaration with bill of particulars in assumpsit was filed, and plaintiffs treated the entire proceedings as in one suit, but a different view was entertained by defendants, and considering that two separate and distinct actions had been instituted on the same cause of action, a plea to abate the second on account of the pendency of the first was interposed. The court, it seems, agreed with the view entertained by defendants, and sustained the plea in abatement. Whether or not the decision of the court in sustaining the plea was erroneous, does not appear to us to be of any practical importance in this case, as the declaration and bill of particulars filed in the second suit, as considered by the court, was withdrawn by plaintiffs and re-filed in the attachment suit at the time the plea in abatement was sustained. Defendants' motion to dismiss the attachment suit on account of laches in not pleading therein was overruled, and from plaintiffs' standpoint, regarding all the proceedings as in one suit, they were not injured by the decision of the court on the plea in abatement, as the same pleadings which they had already filed were instantly re-filed in the attachment

suit, and the defendants were required to answer therein. There was delay caused by the proceedings on the plea in abatement, but there is nothing in the record to show that the extended continuance of such proceedings in the trial court was not by the consent of plaintiffs.

The third assignment of error, which we will next consider, calls in question the correctness of the ruling of the court in sustaining the demurrers to plaintiffs' replications. After plaintiffs obtained leave and re-filed their declaration in what the court considered the first suit instituted, defendants interposed a plea that the attachment bond filed therein was not executed by plaintiffs, nor by any person acting in their name and behalf by virtue of a power of attorney under seal. This plea was considered in the nature of one in abatement of the attachment suit on account of the alleged defective execution of the attachment bond, and no question was raised in the lower court, and none suggested here as to the proper practice of reaching such a defect in the bond, if it existed, by plea in abatement. All the replications to this plea were overruled. The first one states in substance that before the attachment bond was executed and filed, plaintiffs authorized their agent, by parol, to execute the bond, and they were bound thereby. The second one alleges in substance that subsequent to the execution and filing of the bond plaintiffs ratified and confirmed the same; and the third one asserts that subsequent to the execution and filing of the bond, and on a date mentioned, plaintiffs executed under seal a written ratification of the bond. The bond is executed in the name and purports to be the obligation of plaintiffs in the attachment suit, but its execution was by an agent.

We presume that the court was influenced in its judgment sustaining the demurrer to the replications by the decision in Forbes & Bro. vs. Porter, 25 Fla. 362, 6 South. Rep. 62. It appears from the report of that case that after a traverse of the attachment affidavit the defendant gave notice of a motion to dissolve the attachment on his traverse tendered, and because the attachment was granted without a legal and sufficient bond, and the causes of attachment alleged were insufficient under the statute. A jury was called to try the issue raised on defendants' traverse of plaintiffs' affidavit for the attachment, but before any evidence was offered on this issue defendants' counsel requested the court to decide the motion to dissolve the attachment because of the alleged defective bond. The court declined to make any ruling, as requested, and proceeded with the issue before the jury on the traverse, which resulted in favor of the plaintiff. Defendants at a subsequent date requested the court to decide upon the validity of the attachment bond, but the court declined to do so on the ground that the motion was not made until after the jury was empanelled on the traverse issue. On the trial of this issue evidence was brought out as to the authority of the agent to execute the attachment bond, and while it appeared that he was the duly authorized agent of the plaintiff, there was no written authority for the execution of the bond. The decision of the court on this point was that a power of attorney under seal is required to authorize an agent to execute a bond in the name of the principal, under the attachment laws of this State. There was no question in the case as to the ratification of the acts of the agent in executing the bond, and the opinion says nothing on this sub-

ject.   In the case of Jeffreys vs. Coleman, 20 Fla. 536, where one partner executed an attachment bond in the name of the firm, it was distinctly held that the signing could be authorized by parol, or ratified by parol, by the other partner.   The authorities cited refer to the conditions under which one partner may bind the firm by executing bonds in the firm name. The bond in the case of Ross, Keen & Co. vs. Steen, 20 Fla. 443, was executed in a firm name by an attorney, and in the latter part of the opinion it is stated that the rule announced in Jeffreys vs. Coleman would apply.   The point was not necessary to the decision, and there is no head note on the subject.   Under the decision in Forbes vs. Porter, *supra*, the first replication is bad, but if either of the other two is good, the conclusion of the court was wrong.   The second and third replications allege a ratification subsequent to the filing of the bond, and the ratification set up in the third was in writing and under seal.   This ratification, not set out in the statement, is full and complete, and duly signed, sealed and acknowledged.   The Mississippi court has gone very far towards sustaining the right to ratify the acts of an agent in executing a bond in the name of the principal, Spear vs. King, 6 Smedes & M. 276; Dove vs. Martin, 23 Miss. 588; Bank of Augusta vs. Conrey, 28 Miss. 687; Tingle & Isham vs. Brison, 14 W. Va. 295.   In Maine and Arkansas it has been held that the principal may ratify the execution of a bond in his name by an agent without sufficient authority at the time of execution.   Narragaugus Land Proprietors vs. Wentworth, 36 Maine, 339; Mandle vs. Peet, Simms & Co., 18 Ark. 236.   It was decided the other way in Louisiana.   Grove vs.

8

Harvey, 12 Robinson, 221. In the early case of Conklin & Smith vs. Goldsmith, 5 Fla. 280, where it was held that an agent in obtaining a writ of attachment might execute the bond in his character as agent, binding himself individually, and not his principal, it was said that the main object of the law in requiring the attachment bond was to protect the debtor from an improper use of such remedy. Quoting from Frost vs. Cook, 7 Howard, 359, it is said: "The object was to secure the defendant in the recovery of any costs or damages he might sustain in consequence of suing out the attachment wrongfully, and that object is as well attained by a bond of the agent as of the principal." A complete ratification of the acts of the agent relates back to the giving of the bond, and of course the principal would be forever estopped from denying the execution of the bond in his name. If the object of the statute in requiring the bond is to secure the defendant in costs and damages wrongfully sustained, the ratified bond is as good as if executed with full authority in the first instance. Our conclusion is that the third replication presents a good answer to the plea, and that the court erred in overruling it and dismissing the suit. ·

There was no error in the action of the court refusing to strike from the files the traverse of the affidavit upon which the attachment was based on the ground that it was not filed in time, the only objection urged here. A defendant has up to the trial of the suit, upon its merits, the right to traverse the allegations in plaintiff's affidavit, and this right is available as well after as before plea to the action. Kennedy vs. Mitchell, 4 Fla. 457. There was considerable delay in filing the traverse in the present suit, but it does not

appear that plaintiffs were at all active in bringing the case to a final determination, and the issues on the merits of the case have not yet been made up, so far as shown by the record before us.

An order will be entered reversing the judgment for further proceedings.