W. H. MULLEN, *Plaintiff in Error,* v. R. J. CAMP AND B. F. CAMP, PARTNERS DOING BUSINESS UNDER AND BY THE FIRM NAME AND STYLE OF R. J. & B. F. CAMP, *Defendants in Error.*

1. Actions in assumpsit, and attachment proceedings ancillary thereto, are so far severable that on writ of error the judgment may be affirmed as to the former and reversed as to the latter.
2. Evidence examined and found sufficient to sustain the verdict in assumpsit, but insufficient to support the attachment.

This case was decided by Division B.

Writ of error to the Circuit Court for Columbia county.

The facts in the case are stated in the opinion of the court.

*F. P. Cone* and *B. H. Palmer* for plaintiff in error.

*A. J. Henry* and *Roberson & Small* for defendants in error.

COCKRELL, J.—The defendants in error began an action in assumpsit by an ordinary summons against the plaintiff in error, and as ancillary thereto sued out attachment proceedings. On motion formal pleadings were made up and the several issues raised by the traverse of the affidavit and the pleas to the declaration in assumpsit were tried together before the court and a jury in vacation. Upon all the issues so raised the jury found for the plaintiffs and judgment was entered in accordance with such findings.

No assignments upon the law of the case as passed upon by the court below are presented to us in such sort that we can say that reversal-compelling error was committed; but we do feel called upon to hold that the evidence does not support the finding of the jury that the plaintiffs had reason to believe that the defendant would fraudulently part with his property before judgment could be obtained against him. It would be profitless to set out the evidence in this opinion. The evidence, however, is sufficient to support the verdict for the plaintiffs in the assumpsit action.

The ancillary attachment proceedings and the main action are so far several under the practice prevailing in this State that we may reverse the former and affirm the latter. *Forbes v. Porter,* 25 Fla. 362, 6 South. Rep. 62; *Jeffreys v. Coleman,* 20 Fla. 536; *Williams v. Hutchinson,* 26 Fla. 513, 7 South. Rep. 852.

The cause is reversed and remanded with directions to the court below to grant a new trial as to the second traverse in attachment, *i. e.,* as to the reason to believe that the said Mullen would fraudulently part with his property before judgment could be obtained against him. The judgment in the main case is affirmed.

CARTER, P. J., and MAXWELL, J., concur.

TAYLOR, C. J., and HOCKER and SHACKLEFORD, JJ., concur in the opinion.