D. A. CALDWELL, *et al., Plaintiffs in Error,* v. PEOPLES
BANK OF SANFORD, A CORPORATION, *Defendant in
Error.*

Opinion Filed May 25, 1917.

1.  A writ of error does not lie to an order refusing to dissolve
an attachment.    Where it is desired to have such order re-
viewed by the appellate court the proper course to pur-
sue is to have the bill of exceptions, upon the trial of
an issue of fact before the jury in the attachment proceed-
ings, settled and signed and filed as in other cases and incor-
porate the same in the transcript, after final judgment has

been rendered in favor of the plaintiff in the main action, to which a writ of error has been sued out.

2. Upon a traverse in attachment proceedings of the debt or sum demanded the better practice to pursue is to make seasonable application to the Court, in accordance with the provisions of Section 2120 of the General Statutes of 1906, in all cases where the issues have not already been made up in the main suit, to require the formal pleadings in the main suit to be made up and the issues therein settled by special order, without reference to the time fixed by the rules or statutes for pleading in regular course, in order that the issues in the main case thus made up may be submitted to the court or jury along with the issues raised by the traverse of the special ground of attachment alleged.

3. Actions in assumpsit and attachment proceedings ancillary thereto are so far severable that on writ of error the judgment may be affirmed as to the former and reversed as to the latter.

4. General objections to evidence proposed, without stating the precise grounds of objections, are vague and nugatory, and are without weight before an appellate court, unless the evidence objected to is palpably prejudicial, improper, and inadmissible for any purpose or under any circumstances.

5. A party who objects to the competency of a witness or to proffered evidence should state specifically the grounds of his objection, in order to apprise the court and his adversary of the precise objection he intends to make.

6. An appellate court will consider only such grounds of objection to the admissibility of evidence as were made in the court below; the plaintiff in error being confined to the specific grounds of objection made by him in the trial court, and only such of the grounds so made below as are argued will be considered by an appellate court.

7. It is the declared policy of this court to confine the parties litigant to the points raised and determined in the court below and not to permit the presentation of points, grounds or objections for the first time in this court, when the same

might have been cured or obviated by amendment, if attention had been called to them in the trial court.

8. Section 1450 of the General Statutes of 1906 does not require that the precise form of declarations in the different actions therein set forth be followed, but, on the contrary, provides: "The following forms shall be sufficient in the statement of the declaration of the respective causes of action therein set forth. They and like forms may be used with such modifications as may be necessary to meet the facts of the case; but nothing herein contained shall render it erroneous or irregular to depart from the letter of such forms, so long as the substance is expressed without prolixity."

9. While it may be the safer and better practice in an action upon promissory notes for the pleader to allege in the declaration the place of payment of such notes, where this is not done and the defendant does not question the sufficiency or correctness of the declaration by demurrer, motion or otherwise, there is no fatal variance between the allegations of the several counts of the declaration, which do not allege the place of payment of such notes, and the several notes offered in evidence, especially when copies of such notes are attached to the declaration, in compliance with the requirements of paragraph 2 of Section 1449 of the General Statutes of 1906, so that the defendants could have been in no way taken by surprise when the notes were offered in evidence. The defendant will not be permitted to raise such question of variance for the first time in the appellate court.

10. Section 1448 of the General Statutes of 1906 does not require that each count of a declaration shall set forth the amount of damages claimed by the plaintiff. It is sufficient if the declaration concludes with the amount of damages claimed.

11. A motion in arrest of judgment, where the verdict and judgment are in favor of the plaintiff, will not be granted if the declaration on its face shows a valid cause of action and is not demurrable.

12. Section 1610 of the General Statutes of 1906 expressly provides: "No judgment .after the verdict of a jury, or an award of arbitrators, shall be stayed or reversed for any defects or fault in the original writ, or for a variance between the writ

and declaration, or for any mispleading, insufficient pleading, or misjoining of the issue, or for any faulty count in the declaration where the same declaration contains one count which is good, for any informality in entering up the judgment by the clerk, or for any imperfection, omission, defect or lack of form in any pleading not affecting the merits of the cause, or for any irregularity in any writ of venire facias, or in the drawing, summoning or empaneling of petit jurors; unless the party making the objection was injured by the irregularity, or unless the objection was made before the returning of the verdict."

13. Motions in arrest of judgment reach only such errors as are apparent on the record proper. Question of variance between the allegation and proofs cannot be considered on a motion in arrest of judgment.

14. It is not sufficient merely to repeat the error assigned and state that in the opinion of counsel the action or ruling of the court complained of constitutes error or that an inspection of the record upon the point in question will show that error was committed. Unless the error complained of is so glaring or patent that no argument is needed to demonstrate it, counsel must call the attention of the court to the specific points upon which he relies to show error, otherwise the court will feel warranted in treating such assignment as abandoned.

15. Where an assignment of error is based upon the overruling of a motion to set aside the judgment in the above entitled cause and to quash the writ of execution therein issued, and to impanel and swear a jury in the said cause to assess the damages of the defendants upon the bond of attachment filed by the plaintiff in said cause, an appellate court will consider only such grounds of the motion as are argued, and where no argument is made in support of any of the grounds, such assignment presents nothing for consideration and will be treated as abandoned.

ELLIS, J.

16. Assignments of error which are expressly or impliedly abandoned or which are based upon rulings of the trial court upon the admission or rejection of evidence to which exceptions

were not clearly reversed, will not be considered by the appellate court.

17. Under the provisions of Section 2111 of the General Statutes of Florida the existence of one or more of the special grounds named in Section 2102 causes a debt not due to become due in case of attachment.

18. Section 2107 of the General Statutes requires the plaintiffs in attachment in cases where the debt is not due to produce, in addition to the affidavit as to the amount of the debt and existence of the special grounds of attachment enumerated in Section 2102, proof before the officer granting the writ by affidavit or otherwise of the existence of such special grounds.

19. The additional proof required by Section 2107 of the General Statutes should consist of a statement of facts which being admissible as evidence tend to establish one or more of the grounds enumerated in Section 2102 General Statutes.

20. A statement or recital in an affidavit submitted under Section 2107 General Statutes, that C., one of the partners said to a director of the creditor corporation, that he and one other partner had conveyed their entire interests in all the partnership property to the third copartner taking a mortgage from him on the property for their interests therein, that the sale was made to improve the financial condition of the business and help the creditors get the amounts due them, that at the time of the transfer the business was heavily indebted, and no notice had been given to the creditors of the transfer; does not show that any of the property of the copartnership had been concealed nor that it was fraudulently secreted or disposed of for the purpose of avoiding the payment of debts.

21. If the affidavit submitted under Section 2107 General Statutes as proof of the existence of one or more of the grounds for attachment enumerated in Section 2102 General Statutes contains no statement of fact amounting to evidence of a fraudulent disposing or secreting of property by defendant to avoid payment of debts, the proceedings are *coram non judice* and should be quashed on motion.

22. The additional proof required by Section 2107 General Statutes should be submitted in the form of affidavits or state-

ments of witnesses reduced to writing sworn to and filed with the main affidavit. It is part of the record as much so as the main affidavit in attachment and where a writ of attachment is issued under Section 2107 upon a debt not due, the record should disclose the proof submitted.

23. A motion to quash an attachment issued upon a debt not actually due under Section 2107 General Statutes will lie for irregularities and insufficiencies in the additional proof required to be submitted.

24. In an action of assumpsit based upon a debt not due where attachment has issued under the provisions of Section 2107 General Statutes, the judgment of the court may be reversed in the attachment proceedings and affirmed in the main action by this court under the provisions of Chapter 6223 Laws of Florida, 1911, entitled "An Act to Regulate the Granting of New Trials and the Setting Aside and Reversals of Judgments."

Writ of Error to Circuit Court for Seminole County; Jas. W. Perkins, Judge.

Judgment affirmed in part; reversed in part.

*Marion B. Jennings,* for Plaintiffs in Error;

*George A. DeCottes, Myers & Myers* and *Dickenson & Dickenson,* for Defendant in Error.

SHACKLEFORD, J.—The Peoples Bank of Sanford, a corporation, instituted an action of assumpsit against D. A. Caldwell, D. D. Caldwell and H. W. Caldwell, trading and doing business under the firm name and style of D. A. Caldwell & Sons, and against D. A. Caldwell, D. D. Caldwell, and H. W. Caldwell, individually, and as ancillary thereto also instituted attachment proceedings. A writ of attachment was issued and levied upon certain des-

cribed real estate and personalty, including a stock of goods, wares, and merchandise, as the property of the defendants. The defendants filed a traverse of the attachment affidavit and the issue raised thereby was submitted to a jury for trial and determination, which resulted in a verdict in favor of the plaintiff, which was returned on the 29th day of June, 1915, and upon which judgment was rendered and entered on the same date. A plea was filed by the defendants to the declaration in the action of assumpsit, upon which the plaintiff joined issue and the case was submitted to a jury for determination, which resulted in a verdict being returned in favor of the plaintiff, on the 11th day of January, 1916, for the sum of $4,376.75, upon which final judgment was rendered and entered on the 14th day of January, 1916. The defendants have sued out a writ of error to this final judgment, incorporating into the transcript their bill of exceptions as to the points reserved upon the trial of the issue in attachment, which was settled and signed and filed previously, to be used in case final judgment was rendered against them in the main action, which, as we have said, was subsequently done. This was the proper course to pursue. See Forbes v. Porter, 23 Fla. 47, 1 South. Rep. 336, and Harrison v. Thornton, 11 Fla. 307, and Marshall v. Ravisies, 22 Fla. 583, therein cited. The better practice would have been, as we held in Weston v. Jones, 41 Fla. 188, 25 South. Rep. 888: "Upon a traverse in attachment of the debt or sum demanded it is the duty of the court, under Section 1656, Revised Statutes, upon seasonable application, in all cases where the issues have not already been made up in the main suit, to require the formal pleadings in the main suit to be made up and the issues therein settled by special order without reference to the time fixed by the rules or statutes for pleading in reg-

ular course, in order that the issues in the main case thus made up may be submitted to the court or jury along with the issues raised by the traverse of the special ground of attachment alleged." Section 1656 of the Revised Statutes, referred to therein now forms Section 2120 of the General Statutes of 1906, Compiled Laws of 1914. Neither party would seem to have made the application as to formal pleadings as provided in such statute, but we have before us for determination the points presented and argued both in the attachment proceedings and the main action. As we held in Mullen v. Camp, 46 Fla. 234, 35 South. Rep. 402, "Actions in assumpsit, and attachment proceedings ancillary thereto, are so far severable that on writ of error the judgment may be affirmed as to the former and reversed as to the latter."

The errors assigned in the attachment proceedings are argued before us prior to the errors assigned in the main action of assumpsit, but we shall first consider the latter. No errors are assigned upon the pleadings, therefore it is sufficient to state that the declaration is based upon three promissory notes which are alleged to have been executed by D. A. Caldwell and Sons, a copartnership composed of D. A. Caldwell, D. D. Caldwell and H. W. Caldwell to the order of the plaintiff corporation for the respective amounts of $750.00, $2500.00 and $500.00, bearing the respective dates of March 30th, March 31st and March 2nd, 1915, and payable respectively on the 20th of April, and the 30th of May, 1915, and three months after date, with interest at the rate of ten per cent per annum after maturity until paid. All of the notes provide for the payment of the costs of collection, should it become necessary to collect the same through an attorney, including ten per cent. attorney's fee. Copies of such notes are attached

to the declaration. The defendants filed the following plea:

"Comes now, severally, D. A. Caldwell, D. D. Caldwell, and H. W. Caldwell, alleged co-partners, alleged to be trading and doing business under the firm name and style of D. A. Caldwell and Sons, and comes now, severally D. A. Caldwell, D. D. Caldwell and H. W. Caldwell, individually, and for pleas to the declaration of the plaintiff in the above entitled cause and for pleas to each and every count of the said declaration say:

"1. That they never made, executed and delivered unto the plaintiff in this cause, the several promissory notes sued upon in the 1st, 2nd and 3rd counts of the plaintiff's declaration in manner and form as in the said 1st count, 2nd count and 3rd count alleged and set forth."

The plaintiff joined issue upon this plea and the matter was submitted to a jury for determination, with the result as stated above.

The 66th, 67th and 68th assignments, which are argued together, are to the effect that the trial court erred in admitting in evidence the three promissory notes over objections of the defendants, "and in overruling the defendants' objections thereto then and there made." The bill of exceptions discloses that when such notes were severally offered by the plaintiff in evidence, the defendants interposed the following grounds of objection:

"1. That D. A. Caldwell, D. D. Caldwell and H. W. Caldwell, doing business under the firm name and style of D. A. Caldwell and Sons, and D. A. Caldwell and H. W. Caldwell, individually were sued jointly and severally and that the paper introduced into evidence was not the several note of D. A. Caldwell and D. D. Caldwell and H. W. Caldwell.

"2. That the paper offered in evidence was not the

note sued upon in the first count of the declaration, as in the said first count declared.

"3. That the said note offered in evidence was irrelevant to the issue as framed."

In their brief the defendants state that they "press and contend for only the second and third grounds of the objection offered to the introduction of these notes." In support of these two grounds it is argued that the declaration "did not declare the place of payment of the several notes. The place of payment is stated upon the face of each note to be 'the Peoples Bank of Sanford.' We submit that there was a fatal variance between the allegation of the several counts and the several notes attempted to be introduced." Again and again we have held that "General objections to evidence proposed, without stating the precise grounds of objections, are vague and nugatory, and are without weight before an appellate court, unless the evidence objected to is palpably prejudicial, improper, and inadmissible for any purpose or under any circumstances.

A party who objects to the competency of a witness or to proffered evidence should state specifically the grounds of his objection, in order to apprise the court and his adversary of the precise objection he intends to make." McKinnon v. Johnson, 57 Fla. 120, 48 South. Rep. 910, wherein prior decisions of this court are cited. See especially Hoodless v. Jernigan, 46 Fla. 213, 35 South. Rep. 656, and Carter v. Bennett, 4 Fla. 283, text 338. We have also repeatedly held that "An appellate court will consider only such grounds of objection to the admissibility of evidence as were made in the court below; the plaintiff in error being confined to the specific grounds of objection made by him in the trial court, and only such of the grounds so made below as are argued will be con-

sidered by an appellate court." Cross v. Aby, 55 Fla. 311, 45 South. Rep. 820, and prior decisions of this court there cited. Also see Brown v. Bowie, 58 Fla. 199, 50 South. Rep. 637, and Johnson v. State, 65 Fla. 492, 62 South. Rep. 655. As we held in Hartford Fire Insurance Co. v. Hollis, 58 Fla. 268, 50 South. Rep. 985, "It is the declared policy of this court to confine the parties litigant to the points raised and determined in the court below and not to permit the presentation of points, grounds or objections for the first time in this court, when the same might have been cured or obviated by amendment, if attention had been called to them in the trial court." Also see Mizell Live Stock Co. v. J. J. McCaskill Co., 59 Fla. 322, text 328, 51 South. Rep. 547.

Directing our attention to the 2nd and 3rd grounds of objection interposed to the introduction of the notes in evidence, which we have copied above and which are the only grounds urged before us, we find that they are indeed general. Especially is this true of the 3rd ground. Since the proffered notes could not be said to "be palpably prejudicial, improper and inadmissible for any purpose or under any circumstance," under the cited authorities we must hold that this ground is "vague and nugatory and without weight" before this court. The second ground is but slightly better. It is true that the declaration does not follow the precise form set out in paragraph 13 of Section 1450 of the General Statutes of 1906, as the defendants contend, but such statute does not so require, the same reading as follows: "The following forms shall be sufficient in the statement of the declaration of the respective causes of action therein set forth. They and like forms may be used with such modifications as may be necessary to meet the facts of the case; but nothing herein contained shall render it erroneous or ir-

regular to depart from the letter of such forms, so long as the substance is expressed without prolixity."

It is further true that the declaration "did not declare the place of payment of the several notes," as is further contended by the defendants, although "the place of payment is stated upon the face of each note to be 'the Peoples Bank of Sanford,' " but this ground of objection is attempted to be raised here for the first time, in violation of our established rule. The sufficiency or correctness of the declaration was not questioned by the defendants by demurrer, motion or otherwise. Even if it should be conceded that it would have been the safer and better practice for the pleader to have alleged the place of payment of the notes in the declaration, which point we do not consider to be before us for determination, it is readily apparent that if the defendants had interposed the specific ground of variance between the notes proffered in evidence and the notes declared upon as an objection to their introduction in evidence and thus brought the matter directly to the attention of the plaintiff and the trial court, it could have been easily rectified by amending the declaration. We would add that copies of the three notes were attached to the declaration, in compliance with the requirements of paragraph 2 of Section 1449 of the General Statutes of 1906, and it was noted on the declaration "Copies of notes sued on attached," so that the defendants could have been in no way taken by surprise when the notes were offered in evidence. We are clear that there was no "fatal variance between the allegations of the several counts and the several notes attempted to be introduced ," as the defendants contend. See Harrell v. Durrance, 9 Fla. 490; Bucki v. McKinnon, 37 Fla. 391, 20 South. Rep. 540; Butler v. Ederheimer,

55 Fla. 544, 47 South. Rep. 23. These three assignments have not been sustained.

The next assignment argued is the 70th, which is as follows: "The court erred in denying the defendants' motion for an arrest of judgment and in not granting the same." The motion referred to therein contains eleven grounds, but, as the defendants state in their brief, they insist upon and argue only the first, third, fourth and fifth, which are as follows:

"First. That the declaration in said cause shows upon its face that there are three separate and distinct notes declared upon in said cause in as many separate and distinct count and that no one of the said three counts concludes in manner and form as is provided and required by the laws of Florida, nor in words nor manner or form substantially the same or of similar import.

"Third. That the place of payment of the said notes is not declared or set forth in the said declaration nor in either of the several counts thereof; without which the plaintiff in said cause is not entitled to recover nor have judgment upon the notes introduced and allowed in evidence, nor to recover or have judgment upon or under the declaration filed in said cause.

"Fourth. That the record in the said cause shows upon its face that at the time of the institution or commencement of the said cause and suit no cause of action, or part thereof, as attempted to be set forth in the declaration had arisen or accrued unto the plaintiff in said cause.

"Fifth. The declaration in said cause and each count thereof severally shows upon its face that at the time of the institution or commencement of the said suit no cause of action, or part thereof, had arisen or accrued unto the plaintiff in said cause."

As to the first ground, the defendants content them-

selves with stating in their brief that "the solution of the question presented by this ground of the motion depends entirely upon the force to be given Section 1448 of the General Statutes of 1906," which section reads as follows: "Every declaration shall commence as follows, or to like effect: (Venue) 'A B by E F, his attorney (or in person) sues C B' for (here state the cause of action). And shall conclude as follows, or to the like effect: 'And the plaintiff claims $_____' or (if the action is brought to recover specific goods), 'the plaintiff claims a return of said goods or their value and $_____for their detention.'" The defendants add that "this declaration does not so conclude as to the several counts which we submit are separate and distinct suits or declarations complete in themselves." No authorities are cited to us. We find that the declaration concludes as follows. "Wherefore plaintiff brings this its suit against the above named defendants and claims damages in the sum of $7,500.00. We are of the opinion that there has been a substantial compliance with the statute and that there is no merit in the contention of the defendants. See Section 1610 of the General Statutes of 1906; 23 Cyc. 828, 830; 2 Ency. of Pl. & Pr. 796. As we have several times held, "A motion in arrest of judgment, where the verdict and judgment are in favor of the plaintiff, will not be granted if the declaration on its face shows a valid cause of action and is not demurrable." Hyer v. Vaughn, 18 Fla. 647, and Sedgwick v. Dawkins, 18 Fla. 335.

As to the third ground of the motion the defendants contend that the defect in the declaration therein pointed out would have been fatal upon demurrer, and cite in support thereof Covington v. Comstock, 14 Peters (U. S.) 43. Even if we were to concede that the declaration in the instant case was open to attack by general demurrer,

special demurrers having been abolished in this State, by reason of its failure to allege the place of payment of the several notes, which may well be questioned, that could not avail the defendants by reason of Section 1610 of the General Statutes of 1906, which reads as follows: "No judgment after the verdict of a jury, or an award of arbitrators, shall be stayed or reversed for any defects or fault in the original writ, or for a variance between the writ and declaration, or for any mispleading, insufficient pleading, or misjoining of the issue, or for any faulty count in the declaration where the same declaration contains one count which is good, for any informality in entering up the judgment by the clerk, or for any imperfection, omission, defect or lack of form in any pleading not affecting the merits of the cause, or for any irregularity in any writ of venire facias, or in the drawing, summoning or impaneling of petit jurors; unless the party making the objection was injured by the irregularity or unless the objection was made before the returning of the verdict."

As a matter of fact, the defendants did not demur to the declaration, but filed a plea thereto and objected to the introduction of the several notes in evidence upon certain specified grounds, which we have already stated and discussed. Since the copy of the cause of action attached to a declaration, unless made a part thereof by apt words, which was not done in the instant case, forms no part thereof and cannot be reached by demurrer, as we have often held, we do not see how the defendants could have availed themselves of the alleged defect in the declaration by way of demurrer. See State v. Seaboard Air Line Ry., 56 Fla. 670, 47 South. Rep. 986, and authorities there cited. Again and again we have held that motions in arrest of judgment go only to defects in the record

proper.    See Reynolds v. State, 33 Fla. 301, 14 South.
Rep. 723, and numerous authorities there cited.    In Free-
man v. State, 50 Fla. 38, 39 South. Rep. 785, we held:
"Motions in arrest of judgment reach only such errors
as are apparent on the record proper.    Question of va-
riance between the allegation and proofs cannot be con-
sidered on a motion in arrest of judgment."

The fourth and fifth grounds of the motion are but
lightly urged before us.    As we held in Phoenix Insurance
Co. v. Bryan, 58 Fla. 341, 50 South. Rep. 576, "It is not
sufficient merely to repeat the error assigned and state that
in the opinion of counsel the action or ruling of the court
complained of constitutes error, or that an inspection of
the record upon the point in question will show that error
was committed.    Unless the error complained of is so
glaring or patent that no argument is needed to demon-
strate it, counsel must call the attention of the court to
the  specific points upon  which he relies to  show error,
otherwise the court will feel warranted in treating such
assignment as abandoned."

The defendants entered their appearance generally in
this action on the Rule day in May, 1915, and filed their
plea which we have copied above, on the Rule day in
July, 1915.    Conceding that none of the promissory notes
which form the basis of the action had matured when the
same was instituted, all of such notes had matured when
the declaration was filed on the 7th day of June, 1915,
and the only issue made by the plea of the defendants,
filed on the 3rd day of July, 1915, was as to whether or
not the defendant had made, executed and delivered such
notes, and upon this issue the case was submitted to the
jury for determination in January, 1916.    There would
seem to be no occasion for further discussion of these two
grounds of the motion.    In addition to what we have

said in treating the first and third grounds of the motion and the authorities there cited, see Lord v. F. M. Dowling Co., 52 Fla. 313, 42 South. Rep. 585 and 1 Cyc. 745 and 746. We must hold that the 70th assignment has not been sustained.

The only remaining assignment in this main action is the 71st which is based upon the denial of the motion of the defendants "to set aside the judgment in the above entitled cause and to quash the writ of execution therein issued, and to impanel and swear a jury in the said cause to assess the damages of the defendants upon the bond of attachment filed by the plaintiff in said cause," upon certain enumerated grounds. We have repeatedly held that, in passing upon an assignment based upon the overruling of the motion for a new trial, an appellate court will consider only such grounds thereof as are argued, and, where no argument is made in support of any of such grounds, such assignment presents nothing for consideration and will be treated as abandoned. See Bass v. State, 58 Fla. 1, 50 South. Rep. 531, and Atlantic Coast Line R. R. Co. v. Partridge, 58 Fla. 153, text 160, 50 South. Rep. 634. This principle applies with like force to an assignment based upon the overruling of such a motion as is now under consideration. Strictly speaking none of the grounds thereof have been specifically argued before us. It is sufficient to say that no error has been made to appear to us in overruling the same.

It necessarily follows from what we have said that the final judgment in the main action must be affirmed.

ELLIS, J.—The remaining assignment of error relate to the proceedings in attachment. Many of these assignments it is unnecessary to consider because of the view we have as to the order of May 7, 1915, denying the motion to dissolve the attachment which was made the

basis of the first assignment of error. Besides this some of the assignments are expressly abandoned, some are not argued and others based upon rulings of the trial court to which exceptions were not clearly reserved. Such assignments of error therefore under the rule adopted by this court will not be considered. See Hoodless v. Jernigan, 46 Fla. 213, 35 South. Rep. 656; Daly v. State, 67 Fla. 1, 64 South. Rep. 358.

Under the provisions of Section 2111 of the General Statutes of Florida, 1906, Florida Compiled Laws, 1914, the existence of one or more of the special grounds named in Section 2102 of the General Statutes, causes the debt to become due and the "plaintiff in attachment may proceed upon a debt falling due upon a day before the institution of the suit." The language quoted is identical with that appearing in Section 1647 Revised Statutes, 1892, from which the section was taken, except the word "as" appears in the latter immediately following the word "proceed." The omission of the word from the General Statutes seems to have been a clerical error as the omission of the word does not destroy the evident purpose of the section to cause the debt to become due.

It is contended by plaintiff in error that if the attachment was improperly issued, that is to say, if the "proof" which Section 2107 of the General Statutes requires the plaintiff to produce as to the existence of the special ground at the time he applies for his attachment is not sufficient, then the plaintiff below had no right to bring his action upon the debt represented by the notes, because no right of action exists until the debt matures, and the maturity of the debt in this case, or the plaintiff's right to proceed as upon a debt falling due depends upon the

existence of the grounds of attachment alleged in the affidavit.

In the case of Tanner and Delaney Engine Co. v. Hall & Mobley, 22 Fla. 391, cited in the brief of counsel, this court held that if there was "nothing in the evidence which amounts to proof of the allegation, then the statutory requirements have not been complied with and the proceedings are *coram non judice* and may be quashed upon the face of the papers," etc. However the court also said in substance that if it was a question of the weight of the evidence the proceedings would not be dissolved. If the affidavit contained a statement of facts which being admissible as evidence of the fraudulent disposition of property by a defendant to avoid the payment of his debts, and there is enough evidence to show a prima facie case of such disposition of property with such purpose, the judgment of the Clerk issuing the writ should not be reversed, although the court might, if acting in the clerk's place, have come to a contrary conclusion.

The only proof produced by the plaintiff before the clerk issuing the attachment, so far as the record shows, was an affidavit of D. R. Brisson in which is contained some statements which amount merely to an opinion of the affiant as to the fraudulent disposition of the property by the defendants and which would not be admissible as evidence, and the further statement that D. D. Caldwell, one of the members of the partnership composed of D. A. Caldwell, the father, and D. D. and H. W. Caldwell, the two sons, told the directors of the plaintiff corporation at a meeting of the board, that he and his brother had transferred their interest in the partnership to their father and had conveyed to him all real "estate owned jointly" by them, which consisted of "certain lots and the property" where

all of them resided, that no consideration was paid for the "conveyance" other than a mortgage given by the father to the two sons "for the sum of two thousand dollars to each;" that the transfer was made for the purpose of improving the financial condition of the business, and to help the creditors get the amounts due them; that the indebtedness of the business at the time of the transfer was $15,000.00, and that no notice had been given to the creditors of the transfer. It does not appear from the affidavit what was the value of the real estate conveyed, nor the value of the stock of merchandise, fixtures and accounts, nor that either the "conveyance" or mortgage had been recorded. There was nothing to show how the property was concealed, nor do we perceive how the above facts constituted either a fraudulent secreting or fraudulent disposition of their property for the purpose of avoiding the payment of their debts.

The attachment was issued against the copartnership consisting of the father and two sons; under the law each one was responsible for the whole indebtedness of the firm; by the transfer of their interests in the business to the father the two sons did not disturb from the shelves, nor remove from the store room an ounce nor a yard of merchandise, nor make it more difficult for the creditors to collect their claims, nor did such transfer relieve the two sons from their obligation to the creditors. The conveyance of the real estate did not affect the situation in the slightest in view of the explanation of one of the grantors, that it was done for the purpose of improving the financial condition of the business, and to help the creditors get the amounts due them, and made without consideration paid to them. All the partnership property affected by the transfer and conveyance still retained the character of partnership assets unaffected by the mortgage to the two sons. There was nothing concealed,

nothing disposed of, and the intention so far from being fraudulent was declared by one of. the grantors to be in the interest of the creditors. It is not improbable that the transfer and conveyance by the two sons to the father of the business and real estate, was in the nature of a trust for the benefit of the creditors, in view of the declaration of one of the sons as to the purpose with which the documents were executed. There was nothing in the affidavit that we can perceive amounting to proof of the allegation of a fraudulent disposition or secreting of property to avoid the payment of their debts, so we are of the opinion that the proceedings were *coram non judice* and should have been quashed. Tanner and Delaney Engine Co. v. Hall & Mobley, *supra.*

The case of Lord v. F. M. Dowling Co., 52 Fla. 313, 42 South. Rep. 585, contains language which seems to indicate an intention of the court to recede from the doctrine announced in Tanner and Delaney Engine Co. v. Mobley, to the extent of holding the writ to be valid if there is "some evidence in the affidavit of the existence of the fact, even though the evidence be insufficient to support the writ on direct proceedings for its review." But that was a case in which part of the debt was actually due, and the court said: "This gave validity to the writ even if the part of it covering the debt not due was surplusage." So it seems the language first quoted was *obiter dictum,* and even if in conflict with the doctrine announced in Tanner and Delaney Engine Co. v. Hall & Mobley, *supra,* would not be deemed to overrule that case especially as the court does not expressly overrule the doctrine. However we do not regard the dictum in the Lord case to be in conflict with the doctrine announced in the Tanner and Delaney case because the words "some evidence of the fact" must necessarily mean some evidence of every phase of the transaction neces-

sary to establish the fraudulent secreting or disposing of property to avoid the payment of debts. The affidavit should contain evidence not only of a transfer, but of a fraudulent transfer to avoid the payment of debts. Fraud cannot be imputed to the acquisition by D. A. Caldwell of the ownership of the interests of his co-partners in the partnership property. See Lee v. Bradley Fertilizer Co., 44 Fla. 787, 33 South. Rep. 456; Griffin v. Orman, 9 Fla. 22. No liens had been acquired by the creditors, nor was there any evidence of insolvency of the partnership; the partners acting therefore in good faith had a right to sever their joint interest in the partnership property by sale or transfer to one of the partners.

There was a motion in this case to dissolve the attachment upon the ground that the "proof" submitted by the plaintiff when applying for the writ of attachment, was insufficient. The motion dealt only with the affidavit of D. R. Brisson. There is nothing in the record to show that there was or was not other proof than the affidavit of D. R. Brisson submitted by the plaintiff to the officer issuing the writ. The order denying the motion makes no reference to other "proof," but simply denies the motion as being without merit. Counsel for the defendant in error contend that inasmuch as it cannot be determined from the record what proof was submitted to the officer, it cannot be said that other proof than the affidavit was not submitted; therefore the judgment of the clerk cannot be disturbed. If the same verity attaches to the judgment of a clerk of the court issuing a writ of attachment as attaches to the judgment of the court, then the proposition is sound, and as the record does not affirmatively show that there was no other proof, this court would presume that there was, in aid of the clerk's action. But we are cited to no authority for such position. The case of

Lord v. F. M. Dowling Co., *supra,* does not so hold. That case merely refers to the fact that the record did not show "that other proof was not presented" and that for "aught that appears the plaintiff did produce before the officer granting such attachment the additional proof by affidavit," etc., but this language was unnecessary to a decision of the case and is itself far from being a clear expression of the doctrine that there exists any presumption of the verity of the clerk's judgment; besides the case was not decided upon that point.    The court held that as the "affidavit in attachment" was sufficient under the statute, that is the "affidavit" which the statute requires before an attachment shall issue,. as contradistinguished from the "proof affidavit," the writ issued by the clerk was not *void,* but it was *voidable* only.    In that case there was no attack upon the writ of attachment by motion to quash, but it was attacked by motion to vacate the judgment upon the theory that the writ of attachment was void.    It therefore was utterly immaterial whether the record showed any additional proof by "affidavit or otherwise" or not.    If the record had affirmatively shown that there was no additional proof by affidavit or otherwise, the decision must necessarily have been the same, as the writ was voidable only and not void.    In this case however the attack was made at the proper time and in the proper manner, and the attack should have succeeded unless there was proof before the clerk when he issued the writ, otherwise than by the affidavit of Brisson, which is copied into the record.    Now in the absence of anything in the record to show that there was no other proof, will this court presume that there was, and again presume that the proof was sufficient to show a *prima facie* case of fraudulent disposition of property by the defendants to avoid the payment of their just debts and demands?    In

Tanner and Delaney Engine Co. v. Hall and Mobley, *supra*, this court said: "The motion to dissolve on the face of the papers admits the truth of what is said. The evidence may be in the shape of affidavits and is ex parte. If, on the other hand, there can be said to be nothing in the evidence which amounts to proof of the allegation, then the statutory requirements have not been complied with, and the proceedings are *coram non judice*, and may be quashed upon the face of papers upon the same principle that those in cases where the debt is due and the requisite allegation has not been made in the main affidavit. Drake on Attachments, Secs. 99, 100; Waples on Attachment, 95; Schoonmaher v. Spencer, 54 N. Y. 366; Ross, Keen & Co. v. Steen, 20 Fla. 443.

"To enable the court to exercise this power the proof should be in writing and filed the same as the usual affidavit in an ordinary attachment proceeding. It should be taken before the writ issues. If it is not put in this shape, how is it to appear that there has been such proof? The omission of the statute to expressly require that the proof should be reduced to writing and filed is not to be taken as authorizing a departure from the practice in ordinary cases. Such a departure would, if we did not also make the issuance of the writ conclusive of the fact that satisfactory proof had been made, lead almost invariably to a controversy as to what was produced as proof, as well as to the legal effect of what was produced."

The practice seems therefore to have existed since 1886, for the clerk to take the evidence before he issues the writ, reduce it to writing and file it as the usual affidavit in an ordinary attachment proceeding. In the directions to the clerk for making up the transcript of record, neither the plaintiff nor the defendant refer to any other affidavit or evidence reduced to writing and filed.

In issuing a writ of attachment the clerk of the court acts in a ministerial capacity, just as he does in entering a final judgment upon a default under Section 1425 of the General Statutes of Florida. In the one case the clerk passes upon the weight and sufficiency of the evidence before he issues a writ which becomes a lien upon the defendant's property, and in the other he ascertains from the evidence submitted the amount due before he enters a judgment that becomes a lien upon property. In the latter case however this court has often held that the judgment entered by the clerk should show that he did act upon proof produced before him and in a general way what that proof was. See Snell v. Irvine, 17 Fla. 234; Blount v. Gallaher, 22 Fla. 92; Einstein v. Davidson, 35 Fla. 342, 17 South. Rep. 563; West v. Fleming, 36 Fla. 298, 18 South. Rep. 587; Southern Ins. Company v. Smith-Tyler, 43 Fla. 297, 31 South. Rep. 247; Ropes v. Snyder Harris Bassett Co., 37 Fla. 529, 20 South. Rep. 535; Register v. Pringle Bros., 58 Fla. 355, 50 South. Rep. 584. Why should not the like rule prevail requiring the additional proof to be reduced to writing and filed when the clerk issues an attachment upon a debt not due? If there was no such rule, how could a motion to quash be based on the face of the papers? How would the controversy be settled as to what was produced and what its legal effect? If the rule exists, and we think it does because the statute contemplates it, the decisions of this court have indicated that it does and the due and proper administration of justice requires it, while no rule, principle or maxim militates against it, then the additional proof is as much a part of the record as the main affidavit and bond, and insufficiencies and irregularities may be reached by the motion to quash. If therefore this written evidence taken by the clerk and reduced to writ-

ing prior to the issuing of the attachment is part of the record no presumption exists that there was any other proof than appears in the record of the judgment as certified by the clerk.

The pleas filed in the main action, that is the action on the promissory notes, do not present the point that they were not due when the action was begun, but the defendants went to trial upon another issue, namely, that they never made, executed and delivered the notes sued on. The evidence abundantly supports the issue in plaintiff's behalf and no harmful errors appear in the record to have been committed in the trial of the main action, and the notes were matured before the plea was filed and of course long before the trial. To reverse this action however because the court erred in not granting the motion to quash the attachment would be like substituting the shadow of right for its substance. Yet it is perfectly apparent that the defendants should not be denied the redress upon the attachment bond for whatever injuries they may have sustained by reason of the improper suing out of the attachment. This court has held that an action of assumpsit and an ancillary attachment are so far severable that on writ of error the judgment may be affirmed as to the former, and reversed as to the latter. See Mullen v. Camp, 46 Fla. 234, 35 South. Rep. 402; Forbes v. Porter, 25 Fla. 363, 6 South. Rep. 62.

In 1911 the Legislature enacted Chapter 6223, which is as follows:

An Act to Regulate the Granting of New Trials and the Setting Aside and Reversals of Judgments.

"*Be it Enacted by the Legislature of the State of Florida*:

"Section 1.    No judgment shall be set aside or re-

versed, or new trial granted by any court of the State of Florida in any cause, civil or criminal, on the ground of misdirection of the jury or the improper admission or rejection of evidence or for error as to any matter of pleading or procedure, unless in the opinion of the court to which application is made, after an examination of the entire case it shall appear that the error complained of has resulted in a miscarriage of justice. This Act shall be liberally construed.

"Approved May 26, 1911."

Under the provisions of this Act this court may decline to disturb the judgment in the main action, that is the action of assumpsit upon the notes, and reverse the judgment in the attachment proceedings.

The judgment in the action of assumpsit upon the notes is hereby affirmed, and the judgment in the attachment proceedings is hereby reversed.

ALL concur.