DOWNEY, Judge.
This appeal involves a dram shop action against a market that allegedly sold intoxicants to a minor.
Marion Hoffman was killed in an automobile accident which allegedly resulted from the intoxicated condition of the driver of her car, Ernie Joe Bohannon. During the trial of the wrongful death action arising from the accident, the appellee sought to impeach Bohannon’s testimony by means of a prior inconsistent statement Bohannon had given to the police during the homicide investigation after the accident. Appellant objected to the admissibility of the statement on the ground that it was privileged by virtue of § 316.066(4), F.S.1973. The court sustained the objection and excluded the statement. After the jury returned a verdict for appellant the appellees moved for a new trial, contending among other things, that the court erred in refusing to allow the statement *49 into evidence. The court granted the ap-pellees a new trial because it had erred in holding the statement was privileged under § 316.066(4).
Both parties agree that the statement in question was not privileged since it was not given as part of the accident report required by § 316.066(4), F.S.1973. However, in appealing from the order granting a new trial appellant contends that the trial court was correct in refusing to admit the statement but for the wrong reason. Conceding that the statement was not inadmissible because not privileged, appellant asserts that it was inadmissible nonetheless because appellees failed to lay a proper predicate for its admissibility as required by § 90.10, F.S.1973. As authority for that position appellant points to Hancock v. McDonald, Fla.App.1963, 148 So.2d 56, in which the trial court was affirmed for excluding a statement offered for impeachment because no predicate was laid, although the only objection made in the trial court was that the statement was privileged under the predecessor of § 316.-066(4), F.S.1973.
While we find the Hancock case persuasive, it is silent as to a point which we believe to be decisive of this case.
Because Bohannon was in prison while these proceedings were taking place, his deposition was taken on two occasions prior to trial and used by appellant to bolster his case. As previously indicated, ap-pellees attempted to impeach Bohannon’s deposition testimony by a prior statement Bohannon made to the police, but the trial court sustained appellant’s objection that it was privileged. Recognizing now that the specific ground for the objection was without merit, appellant contends there was a good ground for the objection, viz., appel-lees had not laid the predicate required by § 90.10, F.S.1973. But the fallacy in this argument is that had appellant specified that objection, appellees were in a position to rectify the deficiency and lay the proper predicate to facilitate the admissibility of the statement. Only parts of the Bohan-non depositions were read into evidence. But our examination of the remainder of the deposition of March 3, 1972, demonstrates that it contained an adequate foundation to comply with the statute and make the statement admissible. The keynote of trial procedure should be fair play. It would be antithetical to allow appellant to prevail upon an unannounced ground for objection when, if it had been made it could have been readily cured. In Nat Harrison Associates, Inc. v. Byrd, Fla. App.1971, 256 So.2d 50, 53, this court stated :
“Where one desires to make an objection to a question propounded to a witness, the ground of the objection should be stated with specificity, unless the ground for the objection is clearly apparent. Caldwell v. People’s Bank of Sanford, 1917, 73 Fla. 1165, 75 So. 848, 852; Atlantic Coast Line R. Co. v. Shouse, 1922, 83 Fla. 156, 91 So. 90, 95. This rule is supported by the notion that the ultimate aim of trial procedure is the development of the truth rather than the obfuscation of it. A specific objection provides the trial judge with a clearcut issue upon which to rule and the adverse party with an opportunity to meet the objection by restating his question or by any other appropriate method. (Emphasis is added.)”
In view of the foregoing the order granting a new trial on all issues is affirmed.
OWEN, J., and LEE J. CAIL, Associate Judge, concur.