UPCHURCH, Judge.
This is an appeal from a Final Judgment of the Circuit Court for Brevard County which had been entered after a jury awarded punitive damages of $9,000 and special damages of $396.15.
Appellant, Surfside Estates, Inc., sought to foreclose a mechanic’s lien against Appel-lee, Waterway Homes, Inc., pursuant to Chapter 713, Florida Statutes (1977). After the complaint was tried, the trial judge entered a final judgment for fees and costs in favor of Appellee. A jury trial of Appel-lee’s Counterclaim under section 713.31, Florida Statutes (1977), resulted in a judgment for Appellee.
The question is, whether it was prejudicial error for the court to admit into evidence, at the trial on Appellee’s counterclaim, the Final Judgment entered against Appellant on its lien foreclosure complaint.
At the trial, counsel for Appellee requested that the portion of the judgment “pertinent to this particular case” be read into evidence. Appellant objected on the ground that it was not relevant, but made no other objection. The court overruled the objection and read into evidence only the order and judgment portion of the final judgment. Appellant contends that this *717 was highly prejudicial because the jury was told, in effect, that Appellant had no lien and therefore could only conclude that the lien was fraudulent.
Section 713.31(2)(c), Florida Statutes (1977), provides that a punitive damage award shall not exceed the difference between the amount claimed by the lienor and the amount actually due or to become due.[1] Therefore, the amount “due or to become due”, as contained in the judgment, was relevant in the jury’s consideration of the amount of punitive damage and necessary.
Perhaps a better method could have been used for this purpose and any prejudice which may have resulted from the use of the language of the judgment been eliminated, but Appellant suggested none to the court. His objection on the grounds of relevancy was properly overruled. See Caldwell v. People’s Bank, 73 Fla. 1165, 75 So. 848 (1917).
AFFIRMED.
COBB, J., and MILLER, ROBERT P., Associate Judge, concur.

. § 713.31(2)(c), Fla.Stat. (1977). An owner against whose interest a fraudulent lien is filed, or any contractor or subcontractor who suffers damages as a result of the filing of such a fraudulent lien, shall have a right of action for his actual damages occasioned thereby and for punitive damages. Such action may be instituted independently of other action, or in connection with a summons to show cause under § 713.21, or as a counterclaim or cross-claim to any action to enforce or to determine the validity of such lien. The lienor who files a fraudulent lien shall be liable to the owner in damages, which shall include court costs, clerk’s fees, and a reasonable attorney’s fee for services in securing the discharge of the lien, the amount of any premium for a bond given to obtain the discharge of the lien, interest on any money deposited for the purpose discharging the lien, and punitive damages in an amount not exceeding the difference between the amount claimed by the lienor to be due or to become due and the amount actually due or to become due.