HORTON, Judge.
Plaintiffs seek review of an adverse final judgment entered consequent upon the granting by the trial court of defendant’s motion for a directed verdict in a negligence action. The action was brought by Francis Sheehan as the next friend of his son, Tommy, a three-year-old, and in his own behalf.
At about 5:30 p. m., January 26, 1960, the boy attempted to cross South Miami Avenue, a one-way street, at midblock about ninety feet north of the intersection with S.E. 7th Street, and was struck by defendant’s automobile with resulting injuries. The day was clear, the surface of the road was dry and visibility was good. There were no other vehicles present at the time, nor was there anything to obstruct defendant’s view of the street.
At the trial, the main issue was whether the defendant was negligent in failing to stop his vehicle before it struck the boy. Plaintiffs called defendant and two eyewitnesses to the stand. Their testimony can be summarized as follows. One witness, who was approximately 25 feet from the boy, testified that the boy was walking slowly and that defendant’s vehicle came to a slow, gradual stop with no squeal of brakes, grazing the boy just as it stopped. Another witness, who was approximately 100 feet from the boy, testified that she could not say how fast the boy was walking but that the car came to a fast, panic stop with the squeal of brakes. Defendant testified that the boy was trotting and he, himself, made a panic stop, jamming on his brakes so hard that his motor stalled.
The plaintiffs then called Delton Dollar, a traffic analyst, as an expert witness. Several hypothetical questions were propounded to the expert witness which were *78 designed to elicit the reaction time of defendant and probable stopping distance required by his vehicle. Each question was prefaced by the phrase, “considering all factors to be average.” Defendant’s objections to these questions were sustained by the trial court. Plaintiffs then rested. Defendant’s motion for a directed verdict was granted by the court which entered the judgment appealed.
The determinative question here is whether or not the trial court erred in directing a verdict for the defendant. We conclude that it did.
A party moving for a directed verdict admits, for purposes of the motion, not only the facts shown by the evidence presented, but also every conclusion favorable to the adverse party that a jury might reasonably infer from the evidence. Conflicting evidence should be submitted to the jury whose function it is to weigh and evaluate the evidence. This is particularly so in negligence cases where reasonable men often draw varied conclusions from the same evidence. In such a case, unless the evidence as a whole, with all reasonable deductions to be drawn therefrom, points to but one possible conclusion, the trial judge is not warranted in withdrawing the case from the jury and substituting his evaluation of the evidence for theirs. Nelson v. Ziegler, Fla.1956, 89 So.2d 780 (a case closely analogous to the one at bar) ; see also, 32 Fla.Jur., Trial, §§ 91, 94, and numerous cases cited therein.
While the driver of a motor vehicle is not an insurer of the safety of those who project themselves into his pathway, he is charged with the responsibilities of having his vehicle under control at all times and maintaining a sharp, attentive lookout in order to keep himself prepared to meet the exigencies of an emergency within reason and consistent with reasonable care and caution. Nelson v. Ziegler, supra.
We do not here hold that the defendant was guilty of negligence as a matter of law. We do hold that, on the basis of the record now before us, this question was for determination by the jury. The testimony was in conflict, inter alia, on the questions of whether plaintiff was walking slowly or trotting, and whether defendant made a fast, panic, or a slow, gradual stop. Having concluded that the boy was walking slowly and the stop was slow and gradual, the jury would have been justified in further concluding that this amounted to negligence on the part of the defendant.
In view of the foregoing discussion, and without in any fashion intending to indicate our own view of the ultimate rights of these parties, we think that it was error to withdraw the case from the jury.
Though not necessary to the decision in this case, we feel a discussion of one further point raised by the appellants is required.
 Appellants contend the trial court erred in sustaining the defendant’s objections to the hypothetical questions propounded to the expert witness, Delton Dollar. We find this contention to be without merit. Though the witness admittedly qualifies as an expert, and it is recognized that in cases such as the one at bar hypothetical questions pertaining to the speed and stopping distances of automobiles are permissible,[1] the objections to the questions as asked were properly sustained. Each question was quite brief and prefaced with the phrase, “considering all factors to be equal * * The answer of an expert witness to a hypothetical question must be given on the basis of the facts stated in the question, and without recourse to other facts within his own knowledge. Therefore, a hypothetical question which is framed in such a way as to require or permit the witness to draw conclusions of fact from the evidence, or exercise *79 his own judgment as to the weight which should be given testimony, is not permissible. Atlantic Coast Line R. Co. v. Shouse, 83 Fla. 156, 91 So. 90.
Accordingly, the judgment appealed is reversed, and the cause is remanded for a new trial.
Reversed and remanded.

. Kerr v. Caraway, Fla.1955, 78 So.2d 571.