157 So.2d 563 (1963)
STATE ROAD DEPARTMENT OF FLORIDA, AN AGENCY OF THE STATE OF FLORIDA, AND PINELLAS COUNTY, A POLITICAL SUBDIVISION OF THE STATE OF FLORIDA, APPELLANTS,
v.
FALCON, INC., ET AL., APPELLEES.
No. 3760.
District Court of Appeal of Florida, Second District.
November 13, 1963.
Ben F. Overton of Baynard, McLeod & Overton, St. Petersburg, for appellant, State Road Department.
Adrian S. Bacon of Bacon & Hanley, St. Petersburg, for appellees.
*564 ALLEN, Acting Chief Judge.
Appellants, petitioners in eminent domain proceedings, appeal an order granting defendant-appellees a new trial on the issue of compensation. In granting a new trial, the lower court relied upon two interdependent grounds:
"1. The Court feels that it was prejudicial to the Defendant, Falcon, Inc., for the jury to receive testimony from the Petitioners' two appraisers when said testimony did not include a proper evaluation of the lease and sale of the Holiday Inn property.
"2. The Court further feels that said testimony, as set out in Paragraph 1 hereof, was prejudicial to the defendant, Falcon, Inc., on the grounds that it altered the statutory minimum which the jury was permitted by law to consider."
Accordingly, the primary question on appeal is whether, in this case, the failure of the petitioners' expert witnesses to consider a particular transaction in forming their opinion as to property value constitutes sufficient grounds for a new trial.
The proceedings below were concerned with establishing just compensation for the taking, on August 4, 1961, of certain of appellees' property located on the northwest corner of 34th Street South and 54th Avenue South in St. Petersburg. The property has a 68 foot frontage on 34th Street South and is 600 feet in depth. Petitioner-appellants presented the testimony of two expert appraiser-witnesses with respect to the value of the property. They testified that their opinion was predicated on the value of similar property as disclosed by bona fide sales during a five year period ending in 1961, and upon certain adjustments to these values attributable to time and distinguishing property characteristics. The appellants' witnesses set the value of the subject property at $300 and $350 a front foot. In response to cross-examination both witnesses indicated that they had not, in determining value, considered a transaction hereinafter referred to as the "Holiday Inn transaction."
Responding, defendant-appellees offered the testimony of three witnesses. One of these witnesses, basing his opinion on the sale of certain lands he owned in the vicinity, testified that $850 a front foot was an appropriate value. The second witness, an expert appraiser, testified that he had studied similar transactions, including the Holiday Inn transaction, and concluded that $570 a front foot was the value of the land. Finally, the third witness, Mr. Wolosoff, testified to certain details of the Holiday Inn transaction and offered his opinion that the property taken by appellants was even more valuable.
Upon consideration of the testimony, the jury returned a verdict valuing the property at $365 a front foot and, as aforementioned, a new trial was granted.
The "Holiday Inn transaction" mentioned in the testimony and in the motion granting new trial involved property adjacent to the property taken. In January of 1960, Inns, Inc. leased the property under an agreement providing, inter alia, for an increasing rent in successive years and an option to purchase at a stated price during future years. If the option was exercised between the third and seventh years of the lease (1962-1966) the price was to be $200,000 or approximately $571 a front foot. The lease-option further provided that should the lessee purchase the property, the lessor-vendor's rights would be subrogated to the rights of a mortgage, the proceeds of which were devoted to improvements on the property.
In February of 1962, some seven months after the taking, the option was exercised and the property purchased for about $571 per front foot. According to the testimony of Wolosoff, lessor and vendor in the transaction, representatives of Inns, Inc. indicated in August of 1961 that they would exercise the option. The exact date of this intelligence, whether before or after the date of taking, was not disclosed.
*565 Recapitulating, the question on appeal, in context, is whether the failure of appellants' expert witnesses to consider, as indicative of value, a particular transaction having its origin in an option granted prior to the date of taking but exercised after the date of taking, constituted sufficient grounds for an award of a new trial. Arguing that the effect of the order granting new trial is to compel appellants' witnesses to consider the Holiday Inn transaction, appellant contends that this transaction, occurring after the date of taking, is not relevant and its consideration improper. Alternatively, appellants argue that the failure to consider the transaction did not affect their witnesses' competency but merely the weight of their testimony.
The unusual posture in which the cause reaches this court clothes the appealed order not only with the presumption of correctness always attached to a lower court's judgment but with the added support of the principles that the determination of an expert's "competency" is generally considered with the province of the trial judge and will not be disturbed on appeal, e.g., Myers v. Korbly, Fla.App. 1958, 103 So.2d 215, and the principle that an award of new trial lies within the discretion of the trial judge. E.g., Cloud v. Fallis, Fla. 1959, 110 So.2d 669.
However, neither of the latter principles renders the appealed order immune to review, particularly when, as in this case, the trial court's eventual judgment as to the witnesses' competency and consequently as to the propriety of a new trial was based upon the conclusion that the genesis of certain testimony in the record was improper and prejudicial. The instant case is not one involving an award of a new trial in the exercise of sound discretion and in light of record and extra-record considertions uniquely susceptible to interpretation by the trial court. Rather, it is one involving only the narrow issues of the propriety of certain testimony and the legal significance of this testimony in terms of the verdict.
The fact that this case does not involve merely this court re-evaluating the testimony and its probative force is evidenced by the fact that, if the testimony of appellants' witnesses was competent and properly admitted, the verdict is patently immune from attack. The fact that there is substantial evidence to support the verdict is not only apparent in the record but is implicitly conceded in the trial court's second ground for granting new trial. However, conceding the existence of evidence justifying the verdict, the lower court determined that the very fact that this evidence was in the record  and before the jury  required a new trial. The propriety of the latter determination is the sole issue before this court.
It is significant to note that the testimony found prejudicial in the order granting new trial was not deemed prejudicial on the grounds that the witnesses were not expert; indeed, the witnesses were qualified and their status as "experts" established and conceded during trial. Neither did the lower court base its finding of prejudice on the grounds that the comparable sales relied upon by appellants' witnesses were too remote in time or too distinguishable to be relevant; indeed, a motion to strike the testimony on this ground was denied on trial. Rather, the lower court found the testimony prejudicial and erroneously admitted solely on the basis of the witnesses' failure to properly evaluate one transaction, a transaction having its origin in a lease of which appellants' witnesses were aware.
It is of some significance too that the fact that appellants' witnesses had not considered the Holiday Inn transaction was disclosed, in cross-examination, to the jury and that the jury was apprised of the details of the transaction, including the amount involved, during appellees' presentation of evidence. One of appellees' witnesses, an "expert-appraiser" testified not only to the transaction but to the significance attached thereto in his opinion as to the value of the property taken. Thus, *566 it was with full knowledge not only of appellants' witnesses' failure to consider the Holiday Inn transaction but also of the details of the transaction that the jury returned a verdict which, though not reaching the value set by appellees' witnesses, exceeded the maximum value established by appellants' witnesses.
Where then did the prejudice to appellees' case arise? Obviously, the mere fact that the testimony depreciated the recovery sought by appellees was not a sufficient ground for excluding the testimony if it was competent, relevant and material. As obviously, the court considered the testimony both relevant and material insofar as it considered comparable transactions and was grounded in sufficient experience and knowledge of the land taken. There remains then the matter of competency. Did the failure to consider one transaction render the testimony incompetent?
Upon examination of relevant authority, both in the cases and the texts, the conclusion is inescapable that the failure of an otherwise competent expert witness to consider one of numerous factors involved in assessing compensation goes not to his competency or the competency of the testimony but only to the weight of the testimony. 1 Orgel, Valuation Under Eminent Domain §§ 132-133 (1953); 5 Nichols, Eminent Domain §§ 18.4[4], 18.42[1] and 18.46 (Rev. 3rd ed. 1962). See e.g. Hubbard v. Harris County Flood Control Dist., Tex.Civ.App., 1956, 286 S.W.2d 285.
In the Hubbard case dissatisfied property owners appealed a condemnation award, arguing inter alia that the testimony of one of petitioner's appraiser-witnesses was incompetent in that he had failed, in determining value, to consider established value of lands defendants thought comparable and had, in fact, testified to a value lower than that of comparable land. The Court's discussion of these arguments is as follows:
"By their fourth point appellants say it was error for the court to permit Mr. Thompson to testify as to values because he `did not take into consideration any comparable land in the area, he having merely limited himself to land south of Bray's Bayou and leaving out of consideration land north of the Bayou.' On its face the point begs an issue which was sharply contested in the evidence. All of plaintiff's witnesses on values drew a clear and marked distinction between land north of the Bayou on paved through thoroughfares upon which were located such structures as the Shamrock Hotel, the Prudential Building and Park Towers Apartments, and land south of the Bayou such as defendants' land which one of defendants' witnesses described as `a little forgotten area that the City grew up around.' At best defendants' complaint goes properly only to the weight of the testimony. The point is overruled.
"By their fifth point defendants complain of the court permitting Thompson to testify as to values not only on the basis of his incompetency as an appraiser, which we have already discussed, but `Because the values placed thereon by him were exceedingly lower than any comparable land in the area.' In fact Thompson placed a higher value on the land and improvements than at least one other witness for the District, who was lower than Thompson by almost $4,000. At any rate, the complaint goes to the weight rather than the competency of the testimony. * * *" (Emphasis added.)
Since the lower court based its award of a new trial entirely on the grounds that admission of certain testimony was erroneous and not on the ground that the jury was deceived as to the probative force or weight of the testimony and since, as disclosed above, the testimony was not inadmissible but was competent and susceptible of consideration, the order awarding a new trial must be reversed and the cause remanded for entry of a judgment *567 consonant with the jury's evaluation of the testimony before it.
Reversed.
SHANNON, J., and McMULLEN, NEIL C., Associate Judge, concur.