WIGGINTON, Chief Juge.
Defendant has appealed a final decree rendered in an action brought by plaintiff seeking a judicial declaration of her rights under the Uniform Simultaneous Death Law.[1] It is contended on appeal that the decree is not supported by the evidence and the chancellor misconstrued the legal effect of the applicable provisions of law in rendering the decree here assaulted.
Appellee instituted this action in her representative capacity as administratrix of the estate of Mildred T. Rimmer, deceased. Appellant was joined as a party defendant in *575 his representative capacity as administrator of the estate of George A. Rimmer, deceased. Mildred T. Rimmer and George A. Rimmer were husband and wife at the time of their respective deaths which occurred on the morning of May 1, 1965.
The Rimmers were traveling in their automobile on Sunshine State Parkway in Orange County at the time their vehicle collided with one driven by another. Within three or four minutes following the collision a medical doctor traveling south in his vehicle on Sunshine State Parkway arrived at the scene of the accident. The doctor, whose qualifications as a medical expert were not challenged, gave his deposition which was introduced in evidence at the trial. He testified that he examined George A. Rimmer at the scene of the collision immediately after his arrival, and observed that he was not breathing. The doctor attempted to find a carotid pulse in George Rimmer’s neck, but was unable to do so. He testified that in his opinion George Rimmer was dead at the time of this examination. The doctor testified that he also examined Mildred T. Rim-mer immediately following his examination of her husband, and found that she was breathing and that her heart was strong enough to produce a carotid pulse. He testified that although her respiration was gasping, she continued to breathe for approximately fifteen minutes thereafter before expiring. Both parties were dead before the arrival of the ambulance called for the purpose of transporting them to the hospital. The death certificates filed on behalf of both parties, and which were introduced in evidence, each stated that the decedent died at approximately 9:00 a. m. on the morning of May 1, 1965, from multiple injuries suffered as a result of an automobile accident.
At the time of their deaths George A. and Mildred Rimmer owned a house and lot in Volusia County, title to which they held in an estate by the entireties. They also owned varying sums of money, title to which was held in bank accounts registered in their joint names, with right of survivorship.
By her complaint the plaintiff contended that her decedent, Mildred T. Rimmer, survived the death of her husband, George A. Rimmer, and was therefore entitled to take possession of and to administer as part of her estate the real property formerly held by her and her husband by the entireties, and the several bank accounts which they owned jointly with right of survivorship. By his answer defendant alleged that the deaths of George A. Rimmer and his wife, Mildred Rimmer, occurred simultaneously and that under the law applicable to this state of facts the respective estates of the decedents were entitled to share equally in both the real estate and the bank accounts described in the complaint.
By his decree the chancellor held that George A. Rimmer predeceased his wife, Mildred T. Rimmer, and that since the latter legally survived her husband, all of the assets held by the patties, either in an estate by the entirety, or jointly and payable to the survivor, constitute assets of the estate of Mildred T. Rimmer, deceased, which the plaintiff is authorized by law to administer. By his decree the chancellor concluded and so found that the deceased husband and wife did not die simultaneously within the meaning and intent of the Uniform Simultaneous Death Law.
No question has been raised by the parties with respect to the propriety of the declaratory decree procedure as a vehicle for determining the controversy between them. Since no such question has been raised, we will neither consider nor comment upon it further in this opinion.
The statute controlling our decision is as follows:
“(1) No sufficient evidence of sur-vivorship. — Where the title to property or the devolution thereof defends upon *576 priority of death and there is no sufficient evidence that the persons have died otherwise than simultaneously, the property of each person shall be disposed of as if he had survived, except as provided otherwise in this law.
* * * * * *
“(3) Joint tenants or tenants by the entirety. — Where there is no sufficient evidence that two joint tenants or tenants by the entirety have died otherwise than simultaneously, the property so held shall be distributed one-half as if one had survived and one-half as if the other had survived. If there are more than two joint tenants and all of them have so died, the property thus distributed shall be in the proportion that one bears to the whole number of joint tenants.”[2]
In the Miami Beach First National Bank case[3] the Supreme Court of Florida, in commenting upon the purpose and intent of our Uniform Simultaneous Death Law, said:
“Simultaneous death statutes are modern innovations actuated from lack of any logical or realistic method to resolve the legal difficulties that arise in the distribution of estates when two or more people in line of succession to them, are killed in a common disaster and there is no satisfactory evidence as to the order in which they died. Such disasters frequently occur from airplane, motor car, fast train and other methods of rapid transit, the result being that estates are dislocated, trusts are disturbed and the law of descents is shunted off the regular course.
“To direct the devolution of estates before the advent of the simultaneous death statutes, some states applied common law rule which indulges no presumption as to who survived last in a common disaster but rested the question with those claiming an interest to establish survivor-ship, which was often impossible to do. Some states set up arbitrary presumptions to determine survivorship and thus direct the distribution of property, but these proved to be very unsatisfactory. In other states those clothed with the power to administer estates under such circumstances are left to their own wits to determine survivorship, but the result of these determinations were even more uncertain, inequitable and unsatisfactory. All these factors had a part in activating the Simultaneous Death Laws.”
In the above cited case the court found from the record that there was no convincing evidence as to the order in which the deaths of' the beneficiaries there involved occurred. Because of the lack of such evidence, it was held that the provisions of the Uniform Simultaneous Death Law applied.
Appellant points to the death certificates of George and Mildred Rimmer which were introduced in evidence, each of which recited that the decedent named therein died at approximately 9:00 a. m. on the morning of May 1, 1965. It is appellant’s contention that the death certificates, by force of the applicable statute, are prima facie evidence of the facts recited therein.[4] He therefore reasons that the recital as to the time of death set forth in the certificates is sufficient to establish that the deaths of George and Mildred Rimmer occurred simultaneously within the meaning and intent of the statute, and that the testimony of the medical expert was not sufficiently clear, precise, or convincing to overcome the presumption of simultaneous death resulting from the provisions of the statute.
*577 Appellee counters with the argument that the recital in the death certificates that the parties involved herein died at approximately 9:00 a. m. is just as consistent with the fact that the wife survived the husband by at least fifteen minutes as testified to by the doctor, as it is consistent with the inference that their deaths occurred simultaneously. We are of the view that appellee’s reply is supported by logic and reason, but do not think it is necessary to base our decision entirely on this one phase of the evidence.
Although a statute may provide that any given state of facts may constitute prima facie evidence of an ultimate fact in controversy, such prima facie showing may be overcome by competent evidence to the contrary. In the case before us the medical proof adduced by appellee is sufficient to establish that Mildred Rimmer survived her husband by a time interval of at least fifteen minutes, and that their deaths were not simultaneous. Appellant contends that this evidence should be disregarded because the examination made by the doctor at the scene of the accident was not sufficiently thorough or comprehensive as to support the medical conclusion expressed by him as to the precise time of death. It is our view that such argument goes only to the weight of the evidence, but not to its competency or credibility.
 We find and so hold that there is sufficient evidence in the record of this case to support the chancellor’s finding that the deaths of George and Mildred Rimmer occurred otherwise than simultaneously. Such fact may be established by a preponderance of the evidence, and it is not necessary that the showing be made by proof beyond a reasonable doubt.[5] For the reasons stated, the decree appealed is affirmed.
RAWLS and SPECTOR, JJ., concur.

. F.S. § 736.05, F.S.A,

. F.S. § 736.05, F.S.A.

. Miami Beach First Nat. Bank v. Miami Beach First Nat. Bank, (Fla.1951) 52 So.2d 893, 895.

.F.S. § 382.20, F.S.A.

. See cases annotated in 20 A.D.R.2d, 235 et seq.