256 So.2d 50 (1971)
NAT HARRISON ASSOCIATES, INC., a Florida Corporation, and Anna Agness, Executrix of the Estate of Ralph Scialla, Deceased, Appellants,
v.
Ruth B. BYRD, a Widow, Appellee.
No. 71-150.
District Court of Appeal of Florida, Fourth District.
December 15, 1971.
*51 Michael Jeffries, of Neill Griffin & Jeffries, Fort Pierce, for appellants.
Stephen G. Hayskar, of Carlton, Brennan & McAliley, Fort Pierce, for appellee.
REED, Chief Judge.
On 19 April 1965 Ruth B. Byrd, the plaintiff, instituted a wrongful death action against Nat Harrison Associates, Inc., a corporation, and Anna Agness as executrix of the estate of Ralph Scialla, deceased, in the Circuit Court for St. Lucie County, Florida, for damages sustained as a result of the alleged wrongful death of her husband, George Benjamin Byrd.
A jury trial which commenced on 14 December 1970 resulted in a verdict in favor of the plaintiff in the amount of $125,000.00.
*52 The defendants' post-trial motions were denied, a final judgment was entered, and defendants brought this appeal.
The major issue here is the propriety of the admission in evidence of certain opinion testimony relating to speed.
On 26 October 1964 a flat-bed truck owned by defendant Nat Harrison Associates, Inc., and operated by Ralph Scialla, was proceeding north on the Florida Turnpike. Around 6:30 in the evening, approximately 17.5 miles north of the Fort Pierce interchange, this vehicle was struck from the rear by a tractor-trailer rig operated by George Benjamin Byrd, the plaintiff's now deceased husband. Mr. Byrd's rig was owned by Leonard Bros. Trucking Company. The Nat Harrison truck was apparently in the outside north bound lane when struck. There were no eye witnesses to the accident, and both drivers were dead by the time anyone arrived on the scene.
Appellants' first point is:
"Whether or not the speed estimates made by Delton Dollar were incompetent evidence?"
The appellants contend that the trial court erred in failing to sustain their objections to three questions put to an expert witness called by appellee relating to the speed of the vehicles at the time of the accident. The expert witness, Mr. Delton Dollar, was offered by the appellee and apparently accepted by the appellants as an expert in the reconstruction of motor vehicle accidents.
During her case in chief, the appellee submitted the following "hypothetical" questions to the expert in the following order:
(1) "... I will refer Mr. Dollar to two photographs, Plaintiff's Exhibit No. 9 and Exhibit No. 6, which are the plaintiff's vehicle and the defendant's vehicle, and ask you, from the extent of the damage as shown in these two photographs can you give an opinion based upon your knowledge of accidents that have taken place, and so forth, as to the speed differential of these two vehicles at the time of the impact?"
* * * * * *
(2) "... Mr. Dollar, if we assume that the police officer investigating the accident found gouge marks in the road, at the point of maximum debris, and finds at that point also lumber that would have been located on the Nat Harrison vehicle, can you determine and give an opinion as to the speed of the Nat Harrison vehicle at the time that it was struck?"
* * * * * *
(3) "Would you assume, please, that the skid marks extend from the rear of the Leonard Brothers' trailer a distance of 145 feet back along the highway, as you can see there, to the point where they began, based on those, on that assumption, can you give an opinion as to the speed of the trailer?"
When the appellee thereafter sought the witness' opinion based on the hypotheticals, the appellants objected. As to the opinion based on the first hypothetical, the appellants' objection was stated as follows:
"Now, I would object to that, Your Honor, that there not being a proper predicate laid for the witness to give an opinion based on merely those two photographs."
As to the opinion based on the second hypothetical, the appellants' objection was stated as follows:
"No, sir, my objection is I think he has got to have more of a foundation and personal knowledge of the particular factors involved than what he does here."
As to the opinion based on the third hypothetical, the appellants' objection was stated as follows:
"I am going to make the same objection, Your Honor, that a proper predicate has not been laid for the witness to give his opinion on this."
*53 The objections were overruled and the witness expressed an opinion that the speed difference between the two vehicles at the time of impact was between 40 and 60 miles per hour; that the Nat Harrison truck at that time was traveling less than 10 miles an hour, and the speed of the Leonard Brothers' trailer (apparently at the time of impact) was 51 miles an hour.
It is obvious that the combined effect of these three answers made out a prima facie case for the plaintiff by demonstrating that the deceased, at the time of the accident, was traveling at a reasonable rate of speed and that the driver of the vehicle with which the deceased collided was traveling at a slow speed on a high-speed roadway.
Where one desires to make an objection to a question propounded to a witness, the ground of the objection should be stated with specificity, unless the ground for the objection is clearly apparent. Caldwell v. People's Bank of Sanford, 1917, 73 Fla. 1165, 75 So. 848, 852; Atlantic Coast Line R. Co. v. Shouse, 1922, 83 Fla. 156, 91 So. 90, 95. This rule is supported by the notion that the ultimate aim of trial procedure is the development of the truth rather than the obfuscation of it. A specific objection provides the trial judge with a clear-cut issue upon which to rule and the adverse party with an opportunity to meet the objection by restating his question or by any other appropriate method. In our opinion, the foregoing principle eliminates the necessity for an appellate review of the objection to and the court's ruling on the second question quoted above. The objection was insufficient for want of specificity and on appeal should be disregarded for that reason. See Caldwell v. People's Bank of Sanford, supra.
Different considerations prevail with respect to the first and third questions and the trial court's rulings thereon. When an expert is called upon to give an opinion as to past events which he did not witness, all facts related to the event which are essential to the formation of his opinion should be submitted to the expert in the form of a hypothetical question. No other facts related to the event should be taken into consideration by the expert as a foundation for his opinion. The facts submitted to the expert in the hypothetical question propounded on direct examination must be supported by competent substantial evidence in the record at the time the question is asked or by reasonable inferences from such evidence. See Atlantic Coast Line R. Co. v. Shouse, supra; Autrey v. Carroll, Fla. 1970, 240 So.2d 474; Sheehan v. Frith, Fla. App. 1962, 138 So.2d 76. Adherence to this form for the direct examination of an expert prevents the expert from expressing an opinion based on unstated and perhaps unwarranted factual assumptions concerning the event; facilitates cross-examination and rebuttal; and fosters an understanding of the opinion by the trier of fact.
Once an expert has been qualified to give opinion testimony, the sufficiency of the facts submitted to the expert to permit him to formulate an opinion must normally be decided by the witness himself, at least in the first instance. This of necessity must be the rule because, the trial judge (like an appellate judge) would not ordinarily be in a position to know whether the facts submitted to the expert were sufficient to permit the formation of the expert's opinion. See Myers v. Korbly, Fla.App. 1958, 103 So.2d 215, 221. As a corollary to this proposition, deficiencies in a factual predicate submitted to an expert as a basis for an expert opinion, normally relate to the weight and not the admissibility of the opinion. Compare State Road Department v. Falcon, Inc., Fla.App. 1963, 157 So.2d 563, 566, and Rimmer v. Tesla, Fla.App. 1967, 201 So.2d 573. Where, however, the factual predicate submitted to the expert witness in the hypothetical question omits a fact which is so obviously necessary to the formation of an opinion that the trial judge may take note of the omission on the basis of his common knowledge, an objection founded on the inadequacy of the predicate may be sustained. Delta Rent-A-Car, Inc. v. Rihl, Fla.App. 1969, 218 So.2d 469.
*54 The first question which was submitted to the expert witness called for his opinion as to the difference in speed between the two vehicles at the time of the collision. The only basis for the opinion was damage to the vehicles as shown by photographs in evidence. The defendants objected to the question on the ground that the photographs were insufficient as a foundation or predicate for the opinion. This objection should have been sustained because the factual predicate was clearly lacking an essential fact, namely, the weight of the respective vehicles. That such was an essential fact was demonstrated by the testimony of the expert witness himself which led up to the asking of the hypothetical question. Prior to plaintiff's asking the question, counsel for the defendants asked the witness:
"So from what I understand you are basing your opinion exclusively upon these photographs you have in front of you right now, as far as the physical evidence in this particular situation?"
The response was, "Yes, sir, with the exception of the weights of the vehicles." (Emphasis added.) Thus, the witness' own testimony which preceded the hypothetical made it apparent that the facts submitted to the witness in the hypothetical were inadequate as a basis for the opinion sought. The objection to the expression of the opinion, therefore, should have been sustained.
With respect to the third question, it called for an opinion of the expert witness as to the speed of the Leonard Brothers' trailer (apparently at the time of the impact) based on the skid marks which were evidently developed by the trailer after the collision. The objection, based on insufficiency of predicate, was not as specific as it should have been; however, in our opinion the omission from the factual predicate submitted to the witness was so apparent that it should have been recognized even without a more specific objection. The question completely failed to submit to the expert witness any assumption with respect to the appropriate coefficient of friction which would apply to the trailer moving over the road surface in question. Without some assumption as to a proper coefficient of friction supported by competent substantial evidence, there was no basis upon which the expert could have formed an opinion as to speed solely from the length of skid marks. That such was an essential assumption is demonstrated by the answer of the witness wherein he indicated that he gratuitously assumed a coefficient of friction or "drag factor" of .60, even though the same was neither submitted to him in the question nor based upon any evidence in the record which has been called to our attention. Such an assumption was so clearly necessary to the opinion sought that the trial judge, in our view, should have sustained the objection.
The answers to question 1 and 3, supra, go to the very essence of the case and, therefore, may not be considered as harmless. These two answers, taken in combination, would have permitted the jury to have inferred that the plaintiff's decedent was driving at a proper rate of speed and collided with the defendant's vehicle which conversely was traveling at an unreasonably low rate of speed.
Appellants' third point is:
"Was the testimony of Eddie Pryor too remote in time and distance to be relevant?"[*]
Eddie Pryor was a witness offered on behalf of the plaintiff. He too was a truck driver. He testified that on 26 October 1964 he entered the Florida State Turnpike at Fort Pierce between 6:00 and 7:00 p.m. heading north driving a 1957 International tractor. Mr. Pryor described the road between Fort Pierce and Yeehaw Junction as generally flat with a number of curves. He testified that eight to ten miles north of the *55 Fort Pierce exit he encountered a truck with no lighted tail lights. It was traveling at a speed less than thirty miles per hour. As Mr. Pryor passed the truck, he noticed that it had a Nat Harrison sign on the side.
At trial defendants objected to the admission of this testimony on the ground that it related to a point eight to eight and one-half miles south of the accident scene and was, therefore, too remote in point of time and distance to be relevant to the speed of the Nat Harrison truck at the time of the accident. The defendants did not object to the testimony on the ground that the truck sighted by Pryor was insufficiently identified as the truck of Nat Harrison involved in the accident under consideration, but evidently conceded that identification was sufficiently established by Pryor's testimony. The trial court overruled the objection stating that, "... The matter of remoteness is just up to where the appellate courts are going to draw the line...."
On appeal the appellants now argue that the identification of the vehicle was inadequate and, secondly, that the event testified to by the witness was too remote to be relevant to the issue of the speed and condition of the Nat Harrison vehicle at the time of impact.
Because the ground of insufficient identification was not raised in the trial court, we need not review it for the first time on appeal. An appellate court must normally confine its review of objections to evidence to those grounds actually raised in the trial court. See Atlantic Coast Line R. Co. v. Shouse and Caldwell v. People's Bank of Sanford, supra. With respect to the question of remoteness, it seems to us that the testimony might have provided some reasonable inference as to the speed and condition of the Nat Harrison truck at the time of the accident in view of the nature of the vehicle and the roadway in question  even though the event testified to was eight to nine miles from the place where the accident occurred. The reasonableness of such inference is sufficiently arguable that the trial judge's discretion should be allowed to govern. In the case of Hill v. Sadler, Fla.App. 1966, 186 So.2d 52, the Second District Court of Appeal stated:
"* * * Whether evidence should be admitted tending to show the rate of speed of a vehicle at a time and place other than that at the instant of, or immediately prior to, the accident depends upon the facts in the particular case, and rests largely in the discretion of the trial Judge."
We think this is the proper principle to be applied by the appellate court in the review of the admission of such testimony. It is in accordance with the views adopted by Wigmore and state courts throughout the nation. See Wigmore on Evidence, Third Edition, § 382, page 322, and note 10, page 324. Hence, we conclude that appellants' point 3 is without merit.
Appellants' fourth point is:
"Was the jury's verdict excessive?"
The appellants take the position that the jury award of $125,000.00 was excessive. They point out that the present value of the decedent's earnings was $75,600.00. According to appellants, this leaves $49,400.00 attributable to other elements of damages, and, the appellants claim, such other elements are not worth $49,400.00. The other elements include loss of comfort, companionship, protection, marital relations, and station in society, and so forth. The appellants diminish the value of these elements because the decedent as a truck driver was away from the marital home a great deal. It is obvious that these other elements do not so much depend upon the deceased's time at home, as on the quality of the relationship which the parties enjoyed. Therefore, we do not believe that the deceased's absence from the home is a particularly compelling reason for diminishing the value of the decedent's life to the plaintiff and cannot conclude that the amount of the verdict was so great as to justify judicial interference.
*56 For the foregoing reasons, the judgment is affirmed insofar as it concludes the issue of damages, but is reversed as to liability, and the cause is remanded for a new trial on that issue only.
Affirmed in part; reversed in part.
OWEN and MAGER, JJ., concur.
NOTES
[*] We have not overlooked appellants' second point. We have reviewed it and conclude that it is without merit and does not require discussion.