ROBERT P. SMITH, Jr., Chief Judge,
dissenting.
In my opinion there is adequate evidence in the record, properly viewed under the presumption of correctness that attends the deputy’s order in such a case as this, to support the order granting Edmond temporary total disability benefits from February through June 1980, except for a month in which Edmond worked at a filling station, and in March and April 1981.
What my colleagues say about the testimony of Drs. May and Wallquist is of course true. The opinions of those physicians perhaps would not persuade me, if I were the trier of facts. But it is also true that (a) Dr. May’s qualification of his opinion testimony simply made explicit what is obvious in all medical opinion testimony, that the physician assumes the truth of the history given him by the patient, in this case reflected in Dr. May’s written report (R. 237) that was attached to his deposition without objection; (b) Dr. Wallquist’s deposition testimony and his attached report (R. 209) adequately express or imply a causal relationship between the industrial accident and Edmond’s condition; (c) the carrier’s lawyer pointedly did not ask Dr. Wallquist *341 for his opinion based upon an additional assumption, that Edmonds reinjured his back in an episode unrelated to the industrial accident, and indeed the carrier’s lawyer did not even give Dr. Wallquist that information (R. 200); (d) the carrier did not object to the deputy’s receipt in evidence of the physicians’ depositions, which would be required if the competence of their opinions was to be questioned * for lack of an accurate history or otherwise; and (e) the carrier’s lawyer made no argument whatever to the deputy that the physicians’ opinions were incompetent or laeked essential predicates, or even that they were for that reason unpersuasive.
Questions such as these are not peculiar to workers’ compensation litigation; they commonly arise, or are potential issues, in virtually every personal injury case tried in the circuit courts. Yet I doubt that I have seen, in nearly eight years on this bench, more than two or three appeals from circuit court judgments on such issues as these. That is because, in conventional litigation, such issues are brought to the attention of the trial judge and are properly resolved; because such questions about physicians’ opinions are deemed to have been resolved, as a matter of weight not competency, by the jury’s verdict; and because it does not occur to conventional litigants to spend their money and the State’s resources appealing such questions, and it does not occur to us to reward those who do by reversing.
We therefore give to workers’ compensation appeals a scope of review unparalleled in our other work, amounting to a second trial on issues not made, preserved, and pressed at the first trial. This depreciates the orders of the deputies, rewards casual presentations by lawyers below, and encourages more appeals of the same kind. I would give the deputy’s orders the same deference we give to the verdicts of juries and to the judgments of circuit judges in nonjury trials, and so would treat the issues pertaining to the Drs. May and Wallquist testimony as subsumed in and foreclosed by the deputy’s findings.

 Nat Harrison Associates, Inc. v. Byrd, 256 So.2d 50, 53 (Fla. 4th DCA 1971):
[D]eficiencies in a factual predicate submitted to an expert as a basis for an expert opinion, normally relate to the weight and not the admissibility of the opinion [Citations omitted.] Where, however, the factual predicate submitted to the expert witness in the hypothetical question omits a fact which is so obviously necessary to the formation of an opinion that the trial judge may take note of the omission on the basis of his common knowledge, an objection founded on the inadequacy of the predicate may be sustained. [Citation omitted.]