PER CURIAM.
After only sixteen minutes of deliberation, a jury found the defendant guilty of sixteen counts of sexual battery and two counts of lewd and lascivious assault on his minor son.
Two issues are presented in this appeal: (1) the testimony of the child’s prior consistent statements served only to impermissi-bly bolster the victim’s credibility; and (2) the defense was unfairly limited in its presentation of defense evidence, in closing argument, and in presenting an alternative explanation for the victim’s rectal abnormalities through cross-examination of a State expert witness.
Having examined the record, including the overwhelming evidence, we are not persuaded that reversal is required. First, hearsay testimony of a child victim’s prior consistent statement made to another person, which qualifies under the statutory exception in section 90.803(23), Florida Statutes (1991), is admissible in evidence even when the child is able to testify fully *125 at trial. Pardo v. State, 596 So.2d 665 (Fla.1992).
Second, the trial judge was correct in prohibiting the defense from arguing that the child had been involved in homosexual activity at his elementary school, or inquiring of the expert on that subject hypothetically, when there was no evidence to support the theory. North Broward Hosp. Dist. v. Johnson, 538 So.2d 871 (Fla. 4th DCA1988), rev. denied, 551 So.2d 462 (Fla.1989); Nat Harrison Assocs. v. Byrd, 256 So.2d 50 (Fla. 4th DCA1971).
Affirmed.