612 So.2d 662 (1993)
Mary E. KING, as Personal Representative of the Estate of Waldo Schindler, Deceased, for the use and benefit of Mary E. King, Lois Lehman, and Margaret A. Robinson, As Surviving Adult Children of Waldo Schindler, Deceased, Appellant,
v.
FONT CORPORATION, an Alabama corporation, and Robert James Custer, a Resident of Alabama, Appellees.
No. 92-01318.
District Court of Appeal of Florida, Second District.
January 20, 1993.
*663 John S. Vento and Dinita L. James of Trenam, Simmons, Kemker, Scharf, Barkin, Frye & O'Neill, P.A., Tampa, and Lawrence A. Levy, Indiana, for appellant.
F. Ronald Fraley and Margie Irizarry Fraley of Fraley & Fraley, P.A., Tampa, for appellees.
ALTENBERND, Judge.
Mary E. King, as personal representative of the estate of Waldo Schindler, appeals an order dismissing with prejudice her action against the defendants, Font Corporation and Robert James Custer. Although we must affirm this dismissal, the legislature may wish to reconsider the concept of a "surviving spouse" for purposes of the Wrongful Death Act, section 768.21(3), Florida Statutes (Supp. 1990), in order to avoid similar results in the future.
On December 18, 1990, Waldo and Cecil Mae Schindler were in an automobile accident, allegedly caused by the negligence of Mr. Custer, who was operating a truck owned by Font Corporation. Mr. Schindler died at the scene of the accident at approximately 6:20 p.m. Mrs. Schindler apparently died en route to the hospital at 6:30 p.m.[1] The Schindlers are survived by three adult daughters.
Mary E. King, as personal representative of both estates, filed a consolidated wrongful death action. She requested damages for lost parental companionship[2] on behalf of the three adult daughters in both the mother's and the father's action. Section 768.21(3), Florida Statutes (Supp. 1990), allows adult children to recover such damages "if there is no surviving spouse."
The defendants moved to strike the claim for lost parental companionship in the father's action because Mr. Schindler was survived by Mrs. Schindler, albeit for only ten minutes. The trial court granted this motion. The personal representative admitted that there were no other damages she wished to pursue in the father's wrongful death action, and it was dismissed with prejudice. The mother's wrongful death action was not dismissed. There is no dispute that the three daughters are entitled to recover for the loss of parental companionship in the mother's action.
Since its enactment in 1972, the Wrongful Death Act has been amended on more than one occasion to assure that a significant recovery is available for most wrongful deaths. See Chs. 81-183, 90-14, Laws of Fla. The legislature has also instructed the courts to liberally construe this act to *664 shift the losses caused by wrongful death from the survivor(s) to the wrongdoer(s). § 768.17, Fla. Stat. (Supp. 1990).
In light of these factors, the personal representative urges this court to interpret "surviving spouse" to mean a spouse who is surviving at some point in time other than the moment of the wrongful death. The personal representative suggests that a spouse could be declared "surviving" if the spouse is still alive at the time an action is filed, or at the time a judgment is entered. Alternatively, the deaths could be treated as simultaneous  only for purposes of the Wrongful Death Act  if they both occurred on the same day or within a few days of one another.
For several reasons, we decline to adopt any of these alternative definitions of "surviving spouse" as a judicial interpretation of the Wrongful Death Act. First, it seems clear that the definition of "survivors" in section 768.18, Florida Statutes (Supp. 1990), determines survivorship at the moment of the wrongful death. That definition refers to the "decedent's spouse" and to relatives "dependent" on the decedent. Although the period was brief, Mrs. Schindler was the decedent's spouse for some legal purposes. See, e.g., § 732.601, Florida Statutes (1991) (the simultaneous death act); Rimmer v. Tesla, 201 So.2d 573 (Fla. 1st DCA 1967) (where husband and wife both died in automobile accident, but wife survived husband for fifteen minutes, no simultaneous death for purposes of probate). It has long been the rule that a decedent's dependents for purposes of wrongful death are determined at the time of death. Wadsworth v. Friend, 201 So.2d 641 (Fla. 4th DCA 1967). Without instruction from the legislature, we hesitate to determine one special class of survivors at some other point in time.
Second, it is also clear that Mrs. Schindler is a "survivor" entitled to lost support and services under section 768.24, Florida Statutes (Supp. 1990). Because she survived her husband for only a brief time and apparently did not incur medical expenses that he could pay as support, her damages for lost support are de minimis and have been waived by the personal representative. If we adopted any of the personal representative's suggested interpretations of "surviving spouse," however, in other cases, a spouse could be a "survivor" entitled to a significant award of lost support, but would not be a "surviving spouse" concerning a child's claim for loss of parental companionship. We doubt the legislature intended definitions in the Wrongful Death Act which would make a spouse both a surviving family member and a deceased family member.
Finally, we are concerned that any of the proposed interpretations might have unexpected ramifications in other areas of the law. Under all of these circumstances, any refinement in the law should be made by legislature, not by judicial interpretation.
Affirmed.
FRANK, A.C.J., and PATTERSON, J., concur.
NOTES
[1] The record does not contain extensive evidence concerning the exact time and location for each death. The parties agree that, at least for purposes of their death certificates, Mrs. Schindler "survived" her husband for approximately ten minutes.
[2] We use the term "parental companionship" to describe all damages recoverable by children under the Wrongful Death Act, including loss of instruction and guidance, and damages for mental pain and suffering.