SHARP, W., J.,
concurring specially.
As were the other judges who heard this case, I am constrained by King v. Font Corporation, 612 So.2d 662 (Fla. 2d DCA 1993), and the fact that, despite King’s invitation to the Florida Legislature to make changes to the wrongful death statute regarding what is meant by “surviving spouse” in section 768.21(3), the Legislature has made no change. The statute provides:
Minor children of the decedent, and all children of the decedent if there is no surviving spouse, may also recover for lost parental companionship, instruction, and guidance and for mental pain and suffering from the date of injury, (emphasis supplied).
We must therefore conclude that the Legislature meant to deny the adult children of a parent who has a surviving spouse (at the moment of the parent’s death) the right of recovering damages for pain and suffering in a wrongful death case brought against the tortfeasor.
This case illustrates the inequities of the statutory scheme, even more clearly than King. In King, the father of adult children died ten minutes before the mother, in an automobile collision. The children were permitted to bring a wrongful death suit including pain and suffering for the mother’s death against the tortfeasor, but not their father’s. In this case, the adult children belonged to a “blended” family. Some were the children of the husband-father, and some were the children of the wife-mother. The wife died at the scene of a fatal automobile collision with another car, and the husband died four hours later, in a hospital, as a result of his injuries received in the collision. Thus, in this case under the wording of section 768.21(3), the adult children of the husband-father were permitted to sue under the statute for pain and suffering for their father’s death, but the adult children of the wife-mother were denied any remedy for them mother’s death, as well as for their step-father’s death.
The rationale for such disparate treatment is not clear to me, particularly in view of the statute’s declared public purpose “to shift the losses resulting when wrongful death occurs from the survivors of the decedent to the wrongdoer.” § 768.17, Fla. Stat. It is clear that the Legislature wished to limit recovery for pain and suffering type damages to only one recovery when there are both adult *1263 children and a surviving spouse. But in cases like King and this one, the surviving spouse has no possibility of pursuing this remedy, and the only persons who could do so are the adult children.
Counsel for appellants in this case suggest a re-construction of the statute that would exclude from the statutory definition of “surviving spouse,” a spouse mortally injured in a common accident with the other spouse, where there are “blended” adult children. Another suggestion was to determine the existence of the “surviving spouse” at the time a claim is made under the statute, provided the second to die spouse has not obtained recovery. Both suggestions or others, are most appropriately left to the Legislature, and not the courts. However, equity suggests this is an area which should be revisited at some point by the Legislature.