DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**E.S.**, the Mother,
Appellant,

v.

**DEPARTMENT OF CHILDREN AND FAMILIES,** and
the **GUARDIAN AD LITEM PROGRAM,**
Appellees.

No. 4D17-2183

[November 1, 2017]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Indian River County; J. David Langford, Judge; L.T. Case No. 312015DP000060.

Crystal J. Marsh of Marsh Law Firm, P.A., Port Saint Lucie, for appellant.

Laura J. Lee, Sanford, for appellee Guardian ad Litem Program.

Kelley Schaeffer, Bradenton, for appellee Department of Children and Families.

PER CURIAM.

In a fifty-five page final judgment terminating the parental rights of the mother to her son, the trial court reviewed the extensive evidence of medical neglect and the mother's breach of her case plan. The mother primarily argues on appeal that competent, substantial evidence does not support the trial court's detailed findings, nor is the evidence clear and convincing. We affirm.

On review, the task of the appellate court:

> is not to conduct a *de novo* proceeding, reweigh the testimony and evidence given at the trial court, or substitute our judgment for that of the trier of fact. Instead, we will uphold the trial court's finding "[i]f, upon the pleadings and evidence before the trial court, there is any theory or principle of law

> which would support the trial court's judgment in favor of terminating … parental rights."

*In re Adoption of Baby E.A.W.,* 658 So. 2d 961, 967 (Fla. 1995) (quoting *Kingsley v. Kingsley,* 623 So. 2d 780, 787 (Fla. 5th DCA 1993)). This record is replete with evidence to support the findings of the trial court.

Appellant's challenges to the expert witnesses on the extent of the records they reviewed to support their opinions were not preserved. In any event, this would go to the weight of their testimony, not to its admissibility. *See Nat Harrison Associates, Inc. v. Byrd,* 256 So. 2d 50, 53 (Fla. 4th DCA 1971). As to her claim that non-experts were allowed to give speculative expert opinions, these issues were also not preserved, nor does the record support appellant's claim that the witnesses were not sufficiently qualified to offer their opinions.

The court found, and the record supports: the grounds for termination; that termination was the least restrictive means to prevent further harm to the child; and that it is manifestly in the child's best interest that the mother's rights be terminated. We commend the trial court for its thorough, well-reasoned final judgment, which we affirm.

WARNER, GROSS and TAYLOR, JJ., concur.

\*      \*      \*

***Not final until disposition of timely filed motion for rehearing.***

2